THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. S.S., a Minor, Defendant-Appellant.

First District (2nd Division)   No. 83—2080

Opinion filed July 29, 1986.

Steven Clark and Elizabeth Clarke, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Erin J. Jennings, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

A petition for an adjudication of wardship was filed in the circuit court of Cook County on July 6, 1981. Named as respondents were S.S., a minor, his mother and his father. The minor was found to have committed voluntary manslaughter, adjudicated a delinquent, made a ward of the State, and placed on probation for two years.

At the time of the occurrence, the minor's parents were divorced. S.S. was 15 years old and lived in Oxford, Indiana, with Holly Smith, his paternal grandmother, who had been appointed his legal guardian by order of the Benton County, Indiana, court. He attended school in

Oxford, Indiana. His mother lived in Hammond, Indiana, and his father lived in Chicago, Illinois.

On appeal, the minor contends that the failure to name his legal guardian as a respondent rendered the court's adjudication void for lack of jurisdiction.

■■ Due process in juvenile cases requires that notice of the proceedings be equivalent to that constitutionally required in criminal cases. (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.) This constitutional requirement has been codified in the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, pars. 704—1 through 704—4), which sets out the elements for valid notice. Section 4—1(2) lists those interested parties who must be named as respondents.

> "The petition shall *** set forth (a) facts sufficient to bring the minor under Section 2—1; (b) the name, age and residence of the minor; (c) the names and residences of his parents; (d) the name and residence of his legal guardian or the person or persons having custody or control of the minor, or of the nearest known relative if no parent or guardian can be found; ***" Ill. Rev. Stat. 1985, ch. 37, par. 704—1(2).

The standard form of petition used in this case named both of the minor's divorced, natural parents, but failed to list anyone in the petition under the section reserved for "Legal guardian" or under the section reserved for "Custodian."

The State was aware of the fact that the minor's paternal grandmother was his legal guardian. The record reveals that a social-investigation report filed with the court on July 22, 1981, notified both the court and the State of the grandmother's guardianship of the minor. The report stated:

> "S.S. has been currently residing with his paternal grandmother, Mrs. Holly Smith in Oxford, Indiana. I have learned that she has guardianship of the minor. He is a sophomore in the Benton Community High School in that town."

This occurred 16 days after the filing of the petition for adjudication of wardship and almost a year before the hearing on the motion to suppress.

The State contends that the minor's mother had actual custody and control of the minor and that her presence was sufficient to meet the statutory jurisdictional-notice requirement (Ill. Rev. Stat. 1985, ch. 37, par. 704—1(2)).

The record reveals that the minor was removed from his mother's custody due to his failure to get to school on time and due to a perception that she could not properly supervise him. The minor was then

removed from his mother in Hammond, Indiana, to his grandmother in Oxford, Indiana. He lived with his grandmother, who was appointed his legal guardian by court order for 10 or 11 months while attending school in Oxford. In late June 1981, he was visiting his mother for the summer but was to return to his grandmother and continue his education in Oxford, Indiana.

An identical factual issue was presented in *People v. R.D.S.* (1983), 94 Ill. 2d 77, 445 N.E.2d 293, where the minor was living with his mother at the time the petition was filed but legal guardianship remained with the Department of Children and Family Services. The Illinois Supreme Court held that the failure to name and serve the legal guardian rendered the trial court's orders void because jurisdiction was not properly invoked.

> "Neither the minor, the minor's mother, the guardian, nor any other interested party ever filed a petition with the circuit court seeking a change in custody prior to the filing of the three petitions at issue here. Legal custody of the minor was never removed from the guardian and restored to the minor's mother.
>
> The mother, at the time the petitions were filed, did not have the status of a person having custody or control over the minor as the State urges. She was properly named a respondent pursuant to section 4—1(2)(c) because she was a parent. However, the mother could not be named under section 4—1(2)(d) as an alternative to naming the legal guardian. Section 4—1(2)(d) required that the petitions filed in this case name the guardians as a necessary party respondent.
>
> The notice provisions of the Act further provide that '[a] summons shall be directed to the minor and to *each* person named as a respondent in the petition.' [Citation.] A pleading that does not name and notify a necessary respondent in a juvenile proceeding fails to invoke the jurisdiction of the court and thereby renders its orders void. [Citations.]" (Emphasis added.) 94 Ill. 2d 77, 82-83.

Having determined that the trial court lacked jurisdiction and therefore its orders are void, it is not necessary to address the other points raised on appeal.

Accordingly, the order of the circuit court of Cook County adjudicating S.S. a delinquent is reversed.

Reversed.

STAMOS and SCARIANO, JJ., concur.