*In re* A.H., a Minor (The People of The State of Illinois, Plaintiff-Appellee, v. A.H., Respondent-Appellant).

Fifth District   No. 5—86—0780

Opinion filed January 27, 1988.

Daniel M. Kirwan and Mary M. Menard, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

A.H., a minor, was adjudicated a delinquent and was committed to the Department of Corrections, Juvenile Division, as a result of proceedings in the circuit court of Jackson County. The minor appeals contending the court's order adjudicating him a delinquent is void because his guardian and custodian were not named as respondents, his guardian was not served with notice of the proceedings, and because his parents, although named as respondents, were not given proper notice of the proceedings. The minor also contends the State did not prove the offense alleged in the delinquency petition beyond a reason-

able doubt. We affirm.

A petition for adjudication of wardship was filed on June 5, 1986, alleging the minor had committed attempted armed robbery. Named as respondents in the petition were the minor, his mother, and his father. However, the parents' addresses were described in the petition as "Unknown." The parents were never personally served with notice of the proceedings, although the mother was served by publication. A summons was personally served on the minor's maternal grandmother, Queen Esther Higgins, although she was not named as a respondent in the petition. An adjudicatory hearing was held on July 23, 1986. The minor's parents were not present for this hearing. The record indicates the minor's grandmother was present, as was a representative of the Department of Children and Family Services (the Department).

At the hearing, 14-year-old Almer Yancey, Jr., testified that on May 22, 1986, he was walking between two buildings on the campus of Carbondale Community High School East when he observed two young people about 40 feet in front of him. One of the youths was tall, the other short. He heard one of them say, "We will get some here," but he was not sure which one made this comment. When he came closer to the pair, the shorter of the two youths asked Yancey if he had a dollar. Yancey told the youth he did not have a dollar, then continued on and "tried to get away." The youth who had asked for a dollar then said, "Stop." Meanwhile, the taller youth stood in front of Yancey so he could not get away, and Yancey felt this taller youth reach into his back pocket for his billfold. As the youth started to pull the billfold out, Yancey knocked the youth's arm away so he could not get it. Yancey then went to the school and told a secretary someone had tried to rob him. At the hearing, Yancey identified the minor in these proceedings as the shorter of the two boys whom he had encountered at the school.

Paul Echols, an officer with the Carbondale police department, testified that he assisted another officer who had apprehended two suspects in connection with this incident. Echols took the suspects to the school, where Yancey was able to identify them as the youths he had encountered. Echols further testified that he found a folding pocket knife under the seat of his squad car where the minor had been sitting. At first the minor told Echols the knife was not his, but after the officer told him police did not believe the knife had been used in the robbery and that police only wished to return the knife to its owner, the minor admitted the knife was his.

After hearing this evidence, the court determined that the evi-

dence did not support a finding that the minor had committed attempted armed robbery, but concluded the evidence did prove the minor had committed attempted robbery. The court adjudicated him a delinquent, and later committed him to the Department of Corrections, Juvenile Division.

■ The minor first contends the court's order adjudicating him a delinquent is void because the State failed to name the minor's guardian and custodian as respondents in the petition and failed to serve the guardian with notice of the proceedings. While the record is not entirely clear regarding who was serving as guardian or custodian at various stages in the proceedings, the minor assumes for purposes of this appeal that his grandmother was his actual custodian and the Department was his legal guardian.

Section 4—1(2) of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 704—1(2)) requires that a petition under the Act shall set forth the names and residences of the minor's parents, and "the name and residence of his legal guardian or the person or persons having custody or control of the minor, or of the nearest known relative if no parent or guardian can be found." Section 4—3(1) of the Act (Ill. Rev. Stat. 1985, ch. 37, par. 704—3(1)) requires that summons be served upon each named respondent. The minor further cites our supreme court's opinion in *People v. R.D.S.* (1983), 94 Ill. 2d 77, 83, 445 N.E. 2d 293, 296, for the proposition that when a necessary respondent is not named in the petition or notified of the proceedings, the petition fails to invoke the jurisdiction of the court and any order subsequently entered is void. See also *People v. S.S.* (1986), 146 Ill. App. 3d 681, 496 N.E.2d 1165.

We do not believe *R.D.S.* controls the case before us. In *R.D.S.*, the minor's guardian did not receive notice, was not present at the proceedings and did not participate in any way. In the present case, the minor's custodian (his grandmother) was personally served with notice, and the minor's guardian (the Department) had actual notice of the proceedings. The court's order states that both the grandmother and the Department were present at the adjudicatory hearing. We believe the circumstances here are more analogous to the situation addressed by the supreme court in *In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501. There the minor's mother was not formally served with notice of the charges against her son, but had actual notice and appeared in court and participated actively in the proceedings. The court stated that, "[W]e do not read section 4—4 as demanding useless formality. The mother had actual notice of the charges against her son and the correlative threat to her own rights; she appeared in court and

participated actively in the proceedings without objection. She thereby waived formal service of process and submitted to the jurisdiction of the court. The lack of formal service in no way prejudiced the minor or his mother." (87 Ill. 2d at 62, 421 N.E.2d 501, 504.) A similar holding is found in *In re J.A.* (1986), 145 Ill. App. 3d 816, 495 N.E.2d 1340, where, in the context of a proceeding to terminate a mother's parental rights, a child's legal guardian was not named as a respondent in the petition or served with a summons. The court held that by appearing and participating in the proceedings and being recognized by the trial court, the guardian had submitted himself to the jurisdiction of the court. 145 Ill. App. 3d at 819, 495 N.E.2d at 1342.

Because the minor's grandmother had been personally served with notice of the proceedings, and because both the grandmother and the Department were present at the hearing and formally recognized by the court, we conclude they subjected themselves to the jurisdiction of the court. The record indicates the court and the parties proceeded as though the grandmother and the Department were respondents. We would be placing form over substance and would be demanding "useless formality" if we were to set aside these proceedings for the deficiencies complained of here. See *In re J.W.*, 87 Ill. 2d at 62, 421 N.E.2d at 504.

■ The minor next contends the court's orders are void because the State failed to use due diligence in finding and notifying the minor's parents, even though they do not have custody of the minor. The minor's parents were named in the petition, but their addresses were listed as "Unknown." The father received no notice of the proceedings. The mother was served by publication. The record does not show that either parent participated in the proceedings.

As we have already stated, the Juvenile Court Act requires that the minor's parents must be named as respondents and served with notice of the proceedings. (Ill. Rev. Stat. 1985, ch. 37, pars. 704—1(2), 704—3(1).) Service is to be made personally or by leaving a copy at the person's abode and mailing a copy of the summons to that address. (Ill. Rev. Stat. 1985, ch. 37, par. 704—3(5).) In some circumstances, service may be made by certified mail. (Ill. Rev. Stat. 1985, ch. 37, par. 704—4(1).) Finally, service may be made by publication if personal or abode service is not made within a reasonable time, or if the respondent's whereabouts are not known. (Ill. Rev. Stat. 1985, ch. 37, par. 704—4(2).) Section 4—4(2) also provides, in pertinent part: "Notice by publication is not required in any case when the person alleged to have legal custody of the minor has been served with summons personally or by certified mail, but the court may not enter any

order or judgment against any person who cannot be served with process other than by publication unless notice by publication is given or unless that person appears." Ill. Rev. Stat. 1985, ch. 37, par. 704—4(2).

The minor contends that the State must exercise due diligence in attempting to ascertain the whereabouts of a noncustodial parent in order to attempt service. In its decision in *In re J.P.J.* (1985), 109 Ill. 2d 129, 485 N.E.2d 848, our supreme court addressed the argument that "the State must exercise some degree of diligence in attempting to ascertain the identity and whereabouts of a noncustodial parent who enjoys a significant relationship with the minor." (109 Ill. 2d at 136, 485 N.E.2d at 851.) In *J.P.J.*, the court addressed three cases in which a noncustodial parent whose identity was known but whose whereabouts were not known had not been given notice of the proceedings. The court held "that unless some question is raised in the circuit court regarding the failure to identify or locate a noncustodial parent whose identity or address is not known to the State at the outset of the proceedings, the matter is waived and diligence may be assumed." (109 Ill. 2d at 137, 485 N.E.2d at 851.) Here, as in *J.P.J.*, the minor failed to raise in the circuit court any question regarding the State's diligence in attempting to locate the noncustodial parents, and, therefore, the matter has been waived.

■ This, however, does not end our inquiry. We must still determine whether the notice provisions of the Act were satisfied. As we have stated, section 4—4(2) excuses notice by publication if the order or judgment is not to be directed against the absent person and if the person having legal custody of the minor is served personally or by certified mail. Here the minor's grandmother had custody and the Department was the minor's legal guardian. The grandmother was served personally, and both the grandmother and the Department had actual notice of the proceedings and were present. This was enough to satisfy the requirement of section 4—4(2) to excuse notice by publication if the noncustodial parents could not have been served by personal or abode service or by certified mail. (See *In re J.P.J.*, 109 Ill. 2d at 137, 485 N.E.2d at 852.) The petition here listed the parents' addresses as "Unknown." Although a report prepared by the Department indicates the minor's father lived in South Bend, Indiana, and his mother lived in Carbondale, Illinois, no addresses were given in the report. The record does not show the minor's parents could have been served by personal or abode service or by certified mail when the proceedings were commenced, and service by publication was excused by section 4—4(2). We again note that the mother was served

by publication even though this was not required. The minor's reliance upon *People v. R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297, is misplaced. There, a parent whose address was known was not served. Here, the whereabouts of the parents were listed as "Unknown."

The minor's only other contention on appeal is that he was not adjudicated delinquent beyond a reasonable doubt of any offense charged or included in the petition. The delinquency petition charged the minor with attempted armed robbery. The court found the minor had committed attempted robbery, concluding the evidence did not prove he had committed attempted *armed* robbery.

■ First, we do not believe it was necessary for the petition to set out the charge of attempted robbery separately in order for the minor to be adjudicated a delinquent based upon that offense. In *In re S.R.H.* (1983), 96 Ill. 2d 138, 449 N.E.2d 129, the supreme court set out the standard for the sufficiency of allegations of a delinquency petition. The court held that the violation of law alleged in the petition need not be stated in conformity with criminal code requirements but that the standard to be used should be the test employed for determining the sufficiency of a criminal complaint challenged for the first time on appeal. Under that test, allegations are sufficient if they apprised the accused of the precise offense with sufficient specificity to prepare his defense and allow the pleading of a resulting conviction as a bar to future prosecution arising out of the same conduct. (96 Ill. 2d at 145, 449 N.E.2d at 132.) The petition in the present case provided the minor with adequate notice of the acts charged to prepare a defense and to preclude any future prosecution based upon the same conduct.

■ We also reject defendant's contention that the evidence was insufficient to prove the offense of attempted robbery beyond a reasonable doubt. A person commits the offense of robbery "when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." (Ill. Rev. Stat. 1985, ch. 38, par. 18—1.) "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." Ill. Rev. Stat. 1985, ch. 38, par. 8—4(a).

The evidence showed that the minor was with another youth, that one of them said, "We'll get some here," that the minor approached the victim, asked him for a dollar, and when the victim refused and walked away, the minor said, "Stop." The other youth stood in front of the victim to block his path, then attempted to pull the victim's billfold from a back pocket. We believe this evidence sufficiently proved

that the minor was accountable for the conduct of the other youth under section 5—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 5—2) and that the actions of the two youths constituted attempted robbery.

For the foregoing reasons, the orders of the circuit court of Jackson County are affirmed.

Affirmed.

KARNS and WELCH, JJ., concur.