(Nos. 60018, 60055, 60443 cons.—

*In re* J.P.J., a Minor, Appellant (The People of the State of Illinois, Appellee).—*In re* K.B., a Minor, Appellant (The People of the State of Illinois, Appellee).—*In re* J.K., a Minor, Appellant (The People of the State of Illinois, Appellee).

*Opinion filed October 18, 1985.—Rehearing*
*denied December 2, 1985.*

130

MORAN and SIMON, JJ., dissenting.

G. Joseph Weller, Deputy Defender, and John R. Wimmer and Robert S. Hirschhorn, Assistant Defenders, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and James E. Ryan, State's Attorney, of Wheaton (Phyllis J. Perko and Marshall Stevens, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Robert S. Hirschhorn, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Fred Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Marshall Stevens, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

Daniel D. Yuhas, of Springfield, and G. Joseph Weller, of Elgin, Deputy Defenders, and John J. Hanlon, Assistant Defender, of Springfield, of the Office of the State Appellate Defender, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Thomas J. Difanis, State's Attorney, of Urbana (Phyllis J. Perko and Marshall Stevens, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

The common question in these three appeals concerns the failure to provide actual notice of juvenile delinquency proceedings to the minors' noncustodial parents. In two of the cases, no notice was given; in the third, notice by publication was attempted, but it was flawed.

In cause No. 60018, a petition for an adjudication of wardship of the respondent minor, J.P.J., was filed in the circuit court of Du Page County on February 14, 1983. Named as respondents in the petition were the minor, his mother, and his father. The minor's parents were di-

vorced, and the minor lived with his mother in Elmhurst, where they were served personally; the father's address was described in the petition as unavailable, and summons directed to him was returned unserved. The minor was found to have committed residential burglary and theft, and he was adjudicated a delinquent, made a ward of the court, and committed to the Department of Corrections, Juvenile Division. The minor was represented by counsel. The minor's father did not attend any of the hearings. The appellate court affirmed the judgment. (122 Ill. App. 3d 573.) On the question of notice to the minor's father, the court held that the father was not an indispensable party and therefore notice was not required to have been given to him. We allowed the minor's petition for leave to appeal (94 Ill. 2d R. 315(a)).

In cause No. 60055, a supplemental petition for an adjudication of wardship of the respondent minor, K.B., was filed in the circuit court of Lake County on March 11, 1983. Named as respondents in the petition were the minor, his mother, and his father. The minor's parents were divorced, and the minor lived with his mother in Round Lake Beach; the father's address was described in the petition as unknown. The record does not show service of summons and the supplemental petition on any of the three respondents; the minor and his mother appeared at all the ensuing hearings, however. The minor admitted to several charges involving theft and criminal trespass to a motor vehicle, and he was adjudicated a delinquent and made a ward of the court. A period of probation, which previously had been imposed and later extended, was extended once more, and the minor was remanded to a residential placement and ordered to pay restitution as conditions of probation. The minor was represented by counsel. The minor's father did not attend any of the hearings. The appellate court affirmed the judgment. (120 Ill. App. 3d 1166 (order under Supreme Court Rule 23 (87 Ill. 2d

R. 23)).) On the question of notice to the minor's father, the court held that notice to the custodial parent alone was sufficient if the noncustodial parent did not have a significant relationship with the minor. We allowed the minor's petition for leave to appeal (94 Ill. 2d R. 315(a)).

In cause No. 60443, a petition to revoke the probation of the respondent minor, J.K., was filed in the circuit court of Champaign County on September 1, 1983; the minor previously had been adjudicated a delinquent, made a ward of the court, and placed on probation. Named as respondents in the petition were the minor, his mother, and his father. The minor's parents had separated, and he lived with his mother in Rantoul, where they were served personally. In the petition to revoke probation the minor's father was listed as living in Chicago, but no street address was given. Notice to the minor's father was published in a newspaper in Champaign County. The father's first name was stated incorrectly in the petition, and the mistake was repeated in the published notice. In the revocation proceeding that followed, a charge of resisting a peace officer was established, and the court revoked the minor's probation and ordered him committed to the Department of Corrections, Juvenile Division. The minor was represented by counsel. The minor's father did not attend any of the hearings. The appellate court affirmed the judgment. (125 Ill. App. 3d 1173 (order under Supreme Court Rule 23 (87 Ill. 2d R. 23)).) On the question of notice to the minor's father, the court believed that whatever error occurred was waived. We allowed the minor's petition for leave to appeal (94 Ill. 2d R. 315(a)).

We consolidated the three appeals for oral argument and disposition. The minor in each case argues that adequate notice, as required by due process and statute, was not provided to his father, depriving the circuit court of subject matter jurisdiction and rendering its judgment void.

In a juvenile proceeding adequate notice to the minor and his parents is a requirement of due process. (*In re Application of Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.) The notice provisions of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, pars. 701—1 through 708—4) provide several methods for fulfilling that requirement. Summons and a copy of the petition are to be directed to each of the respondents named in the petition. (Ill. Rev. Stat. 1983, ch. 37, par. 704—3(1); see *In re R.D.S.* (1983), 94 Ill. 2d 77 (in certain situations a person other than the minor and his parents must also be named as a respondent).) Service is to be made personally or by leaving a copy at the person's abode and mailing a copy of the summons to that address. (Ill. Rev. Stat. 1983, ch. 37, par. 704—3(5).) If personal or abode service is not made within a reasonable time or if the respondent lives outside the State, service may be made by certified mail. (Ill. Rev. Stat. 1983, ch. 37, par. 704—4(1).) Finally, service may be made by publication if personal or abode service is not made within a reasonable time, if the person has been made a respondent under the general designation "All whom it may concern," or if the respondent's whereabouts are not known. (Ill. Rev. Stat. 1983, ch. 37, par. 704—4(2).) Section 4—4(2) also provides, in pertinent part:

"Notice by publication is not required in any case when the person alleged to have legal custody of the minor has been served with summons personally or by certified mail, but the court may not issue any order or judgment against any person who cannot be served with process other than by publication unless notice by publication is given or unless that person appears." Ill. Rev. Stat. 1983, ch. 37, par. 704—4(2).

The method of notice appropriate to a particular respondent depends heavily on the State's ability to identify and locate that person. As the minors correctly observe,

section 4—4(2) excuses only service by publication, and, therefore, if personal or abode service or service by certified mail is possible, the statute requires it. Accordingly, this court has interpreted the provisions as requiring service on a noncustodial parent whose whereabouts are known. (*In re R.S.* (1984), 104 Ill. 2d 1.) The court also has held, under section 4—4(2), that no notice, even by publication, was necessary to the unknown father of a minor who resided with his mother. (*In re J.W.* (1981), 87 Ill. 2d 56.) In *J.W.* the court noted, "The problem is that failure to give adequate notice to parents with a more significant relationship with the minor than the father in this case may be unfair to both the parent and the minor." (87 Ill. 2d 56, 60.) It is urged here that the State must exercise some degree of diligence in attempting to ascertain the identity and whereabouts of a noncustodial parent who enjoys a significant relationship with the minor. Each of the three cases here involves a noncustodial parent whose identity was known or discovered but whose whereabouts were not, and the minors argue that the State failed in its duty to locate and notify the absent parents.

The State's lack of success in identifying and locating a parent does not, by itself, mean that the State has not been diligent in its efforts. Similarly, evidence of the minor's later contact with the missing parent, or even the eventual discovery of his identity and whereabouts, does not, by itself, mean that the parent could have been identified and found at the commencement of the proceedings. A continuing, significant relationship between a minor and a noncustodial parent may well increase the likelihood of identifying and locating the parent, but it does not guarantee success. That counsel, the minor, and the custodial parent stand silent on the matter during the proceedings in the circuit court may be mute acknowledgment of the difficulty of the task. With these considerations in

mind, we conclude that unless some question is raised in the circuit court regarding the failure to identify or locate a noncustodial parent whose identity or address is not known to the State at the outset of the proceedings, the matter is waived and diligence may be assumed. To be sure, inquiry by the circuit judge, on his own motion, into the identity or whereabouts of an absent parent would be appropriate, but it is not required. The minor in each of these cases failed to raise in the circuit court any question regarding the State's diligence in attempting to locate the noncustodial parent, and, therefore, the matter has been waived, and we shall inquire no further.

We next consider whether the notice provisions were satisfied in each of the cases here. As we have said, section 4—4(2) of the Juvenile Court Act excuses notice by publication if the order or judgment is not to be directed against the absent person, and if the person having legal custody of the minor is served personally or by certified mail. That latter condition has been found to be satisfied through the receipt of actual notice, though not formal service, by a parent having actual, sole custody of the minor, though not in a "relationship created by order of court," as "legal custody" is defined in the Juvenile Court Act (see Ill. Rev. Stat. 1983, ch. 37, par. 701—12). (*In re J.W* (1981), 87 Ill. 2d 56.) In each of the cases here, the minor's mother had actual, sole custody of the minor and received actual notice of the proceedings, if not formal service of summons and the petition. In each case, then, if the noncustodial parent could not have been served by personal or abode service or by certified mail, service by publication was excused by section 4—4(2).

According to J.P.J.'s dispositional report, dated May 1, 1983, the minor's parents separated in May 1980 and were divorced in July 1981. The oldest child lived with the father, and the three younger children, including J.P.J., lived with the mother in Elmhurst; the minor had

lived with his mother since 1982, upon his release from a year-long residential placement. It appears that the juvenile probation officer who prepared the report had talked to both parents, and the report named the father's place of employment and said that he was living with relatives in Joliet. No address was given, however. In a list of earlier court proceedings involving the minor, the report indicated that the father had appeared at hearings in September 1981. The father's whereabouts were not known, or disclosed, to the State at an earlier point. Thus, the record does not show that the minor's father could have been served by personal or abode service or by certified mail when the proceedings were commenced. Moreover, service by publication was excused by section 4—4(2).

In K.B.'s case, personal service of the initial delinquency petition on the minor's father had been attempted in January 1982 at the Round Lake Heights police department, where it was believed the father worked. The summons was returned unserved, however, and it indicated that the father no longer was employed there and had not left a forwarding address. A dispositional report prepared after the initial adjudication of delinquency in 1982 said that the minor had had no contact with his father for about five years; his parents had been divorced in 1970. An updated report submitted later said that the father's whereabouts were not known. Thus, the record does not show that the minor's father could have been served by personal or abode service or by certified mail when the proceedings were commenced. Moreover, service by publication was excused by section 4—4(2).

In J.K.'s case, the initial petition for an adjudication of wardship was filed in April 1982, and, following that, various proceedings ensued, culminating in the order appealed from here. According to dispositional reports contained in the record, the family lived in Chicago until the minor's father was imprisoned. The minor's parents sepa-

rated at that time, and the minor and his mother moved to Rantoul, where they lived for several years. At the time of the proceedings the minor's father was residing in Chicago, and he visited the mother and minor in Rantoul several times and once visited the minor in detention. In March 1983 personal service of an earlier petition to revoke probation had been attempted at an address in Chicago on three different days, but the minor's father was not there; the return indicated that the building at that address was industrial or commercial. The minor's father never attended any of the hearings conducted in this matter. Although the record relates contacts between the minor and his father, at no time apparently were the whereabouts of the father disclosed to the State. Thus, the record does not show that the minor's father could have been served by personal or abode service or by certified mail when the proceedings were commenced. Moreover, service by publication was excused by section 4—4(2), and the defects in the published notice need not be considered.

Thus, in each of the cases here, there was no showing of a lack of diligence by the State in failing to locate the noncustodial parent at the commencement of proceedings. Each minor and his mother had notice of the proceedings, and they appeared and had the assistance of counsel; in none of the cases was an order entered against the minor's father. At no time, in any of the cases, did counsel, the minor, or his mother question the State's diligence in ascertaining the whereabouts of the father, though the failure to provide notice to him was evident. Yet counsel, the minor, and his mother are the persons most likely to know the necessary information, and that is especially true when the relationship between the minor and the noncustodial parent is significant or substantial. Accordingly, the State's diligence in identifying or locating a parent whose identity or address was not known to the State at the commencement of the proceedings may not be at-

tacked on appeal if the question was not also raised in the circuit court, where a record on the matter could have been made in the first instance. To hold otherwise would permit the minor to keep the issue in reserve and, if an appeal proves necessary, to raise it then, when the record is barren.

Having concluded that the requirements concerning notice were satisfied in each of the three cases here, we have no occasion to address the minors' additional argument that the failure to provide the statutorily required notice deprives a circuit court of subject matter jurisdiction. See *In re R.S.* (1984), 104 Ill. 2d 1; *In re R.D.S.* (1983), 94 Ill. 2d 77 (plurality opinion); but see *In re Estate of Spaits* (1984), 104 Ill. 2d 431 (the source of the circuit court's jurisdiction, extending over all justiciable matters, is constitutional rather than statutory).

For the reasons stated, the judgment of the appellate court in each of these cases is affirmed.

*Judgments affirmed.*

JUSTICE MORAN, dissenting:

The majority opinion states: "[U]nless some question is raised in the circuit court regarding the failure to identify or locate a noncustodial parent whose identity or address is not known to the State at the outset of the proceedings, the matter is waived and diligence may be assumed. * * * The minor in each of these cases failed to raise in the circuit court any question regarding the State's diligence in attempting to locate the noncustodial parent, and * * * the matter has been waived * * *. " 109 Ill. 2d at 137.

I disagree. In *People v. R.S.* (1984), 104 Ill. 2d 1, the court held that the State's failure to provide notice to the known noncustodial mother rendered the entire proceedings against the minor "void." The court stated:

"The State, by failing to notify the minor's mother, a known respondent with a named address, of the juvenile

proceedings against her son, did not properly invoke the trial court's jurisdiction and the court's order of adjudication *** and subsequent orders were void." (104 Ill. 2d 1, 6; see also *People v. R.D.S.* (1983), 94 Ill. 2d 77, 83.) Thus, whether the State complied with the notice provisions of the Act presents a jurisdictional issue, which can be raised at any time, even if raised for the first time on appeal. *People v. McCarty* (1983), 94 Ill. 2d 28, 36-37; *People v. Gregory* (1974), 59 Ill. 2d 111, 112; *People v. Wallace* (1974), 57 Ill. 2d 285, 288.

For the reasons stated, I respectfully dissent.

JUSTICE SIMON, also dissenting:

The notice provisions of the Juvenile Court Act require personal or abode service or service by certified mail to the parents of a minor subject to adjudication when such service is possible. (Ill. Rev. Stat. 1983, ch. 37, pars. 704—3, 704—4.) There is good reason for this statutory requirement. In cases like the present in which a minor lives with a custodial parent, the presence of the noncustodial parent at proceedings affecting the rights or status of the minor could be helpful. The absent parent may have additional resources or alternative solutions to the problem to offer. He may also be critical of the custodial parent or the minor, who may therefore have an interest in his *not* being notified. Thus, the silence of counsel, the custodial parent, and the minor regarding notice to the noncustodial parent may be attributable to factors other than lack of knowledge of the noncustodial parent's whereabouts.

The majority holds that the failure of a minor to raise the issue of notice to a noncustodial parent in circuit court constitutes a waiver of that claim on appeal. (109 Ill. 2d at 137.) However, this court held in *People v. R.S.* (1984), 104 Ill. 2d 1, that proper notice to a noncustodial parent is a jurisdictional requirement. Thus, this opinion

either overrules *People v. R.S.* or takes the extraordinary position that a jurisdictional question can be waived. The latter cannot be what the majority intends, since it is axiomatic that jurisdiction *cannot* be waived, that it is always an available claim, even if raised for the first time on appeal, and that a court must note a jurisdictional problem *sua sponte* when one appears.

I would therefore require an inquiry by the circuit court judge into the identity and whereabouts of an absent parent at the outset of a proceeding, not because I view proper notice as a jurisdictional requirement (see *People v. R.S.* (1984), 104 Ill. 2d 1, 7 (Goldenhersh, J., specially concurring, joined by Underwood and Simon, JJ.), but because it is a requirement of due process. If it appears as a result of such an inquiry that the absent parent can be notified by the methods of service prescribed in the Juvenile Court Act, the statute requires that the parent be notified. If the inquiry reveals that the absent parent cannot be notified, the issue will be settled. However, it appears to me from the facts stated in the record that with reasonable effort the father of J.P.J. could have been located and possibly also the father of J.K.

Especially where a statute codifies due process requirements, the question of whether the statute has been complied with cannot be waived, and compliance ought not to be presumed without inquiry of those best able to supply the information necessary for compliance. I dissent because it appears to me that the majority is simply ignoring for the sake of convenience the requirements which the statute imposes.