155 Ill. App.3d 1026 (1987)
508 N.E.2d 1160
In re T.M.F., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
T.M.F., Respondent-Appellant).
No. 4-86-0647.
Illinois Appellate Court  Fourth District.
Opinion filed May 28, 1987.
Daniel D. Yuhas and Patricia G. Mysza, both of State Appellate Defender's Office, of Springfield, for appellant.
Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Reversed and remanded.
*1027 JUSTICE McCULLOUGH delivered the opinion of the court:
Following a hearing in the circuit court of Macon County, the minor, T.M.F., was adjudged a delinquent minor, made a ward of the court, and was committed to the Illinois Department of Corrections, Juvenile Division. The minor appeals.
The minor argues on appeal that the trial court lacked jurisdiction in the proceeding due to the failure to have the mother served and that the court did not properly admonish the minor as to the consequences of her admission. We agree.
Only the proceedings as they concern service on the mother need be reviewed. The minor respondent was adjudicated a delinquent minor in Champaign County on February 26, 1986, and placed on supervision for 24 months. The case was subsequently transferred to Macon County on August 8, 1986.
A petition to adjudicate wardship was filed in the circuit court of Macon County with respect to the minor on August 12, 1986, followed by two petitions for violation of supervision filed on August 26 and September 3, 1986. The petition for adjudication alleged that the respondent minor on August 11 committed theft (Ill. Rev. Stat. 1985, ch. 38, par. 16-1(d)(1)), criminal trespass to a motor vehicle (Ill. Rev. Stat. 1985, ch. 95 1/2, par. 4-102(a)(2)), and possession of a converted vehicle (Ill. Rev. Stat. 1985, ch. 95 1/2, par. 4-103(a)(1)). The petition named the minor's natural parents, who were divorced, and listed their addresses. The father, who had remarried, lived in Decatur. The mother resided in Harvey, Illinois. The minor's father appeared at the detention hearing on August 12.
Service was obtained on the father August 15, 1986. Copies of the summons and petition were sent to the sheriff of Cook County August 13 for service on the mother. The materials did not reach the sheriff of Cook County until September 4, 1986, apparently due to an incorrect address on the envelope. The sheriff's office returned the summons and complaint, stating that the papers were received too late for service.
On August 22, 1986, proceedings were had with the minor and her father present, as well as the assistant State's Attorney. A summons was ordered for the mother, returnable on September 5, 1986. It was sent to the sheriff of Cook County on August 25, 1986. The envelope was returned undelivered on September 8, 1986.
On August 26, 1986, a petition for hearing on violation of probation was filed by Carol L. Ciabattoni, a Macon County probation officer. The petition alleged that contrary to the conditions of supervision, the minor ran away on August 26, 1986, while in the custody *1028 of her father. Pursuant to warrant, the minor was taken into custody on August 26, 1986. She was ordered detained on August 29, 1986. The September 3, 1986, petition alleged that the minor committed theft of $180 from Amy Robinson on August 25 or 26, 1986. On both petitions, the minor's natural parents were listed as persons to be notified.
At the combined adjudication and probation violation proceedings on September 5, 1986, the minor and her father, as well as the assistant State's Attorney and public defender, were present. The court ordered that an alias summons be issued for the mother, returnable on September 18, 1986. At that time the minor denied the allegations of the petition. The cause was scheduled for hearing on September 18, 1986.
On September 9, 1986, an alias summons was issued to the mother and sent to the sheriff of Cook County at its correct address. The papers were returned unserved with a cover letter dated September 15, 1986, from the Cook County sheriff stating that the papers were received too late for service. The papers were received by the Macon County circuit clerk's office on September 19, 1986.
At the September 18, 1986, hearing, the minor, her father, the assistant State's Attorney, and assistant public defender appeared. The court was informed that the mother was not present. The court inquired as to whether there was a correct return of summons on the mother. The assistant State's Attorney indicated he did not know whether or not there was a return. The court stated for the record that there was no return of alias summons on file for the mother. The hearing proceeded to a discussion of the minor's decision to admit one of the violations charged in the adjudication petition. The State consented to dismiss the remaining two counts. The court found that based on the admission, the minor was a delinquent minor under the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 701-1 et seq.).
The hearing on the two violations of probation was then held with the same parties present. The judge found that the minor was delinquent and made her a ward of the court. The minor was committed to the Illinois Department of Corrections, Juvenile Division.
Section 4-1(2)(c) of the Juvenile Court Act (Act) (Ill. Rev. Stat. 1985, ch. 37, par. 704-1(2)(c)) requires that petitions under the Act must set forth the names and addresses of the minor's parents. Section 4-3(1) of the Act (Ill. Rev. Stat. 1985, ch. 37, par. 704-3(1)) requires that summons be served upon each named respondent. Service can be obtained personally, by abode service, and, in limited circumstances, *1029 by certified mail or publication. (Ill. Rev. Stat. 1985, ch. 37, pars. 704-3(5), 704-4(1).) Section 5-3 of the Act (Ill. Rev. Stat. 1985, ch. 37, par. 705-3) specifies that when a petition for violation of probation is filed the persons specified in section 4-1 must be notified.
Respondent argues that this case is controlled by People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297. In that case, the supreme court held that failure to give notice to a mother whose name and address were known to the State invalidated orders adjudicating delinquency, making the minor a ward of the court, and committing him to the Department of Corrections. The court ruled that compliance with statutory provisions was a jurisdictional requirement. In In re Crouch (1985), 131 Ill. App.3d 694, 698, 476 N.E.2d 69, 72, we noted that in R.S., although the supreme court stated that orders given by the circuit court were void if notice was not given, the supreme court remanded the case to the circuit court. We stated that this indicated that the circuit court did have subject-matter jurisdiction and that its orders were merely voidable as lacking personal jurisdiction over the parties.
 1 We agree that proper notice should have been given to the natural mother. The record shows that each of the three summonses sent to the sheriff of Cook County was returned to the Macon County circuit clerk without any attempt at service. Twice the sheriff returned the papers because the hearings were less than 15 days from the date the papers were received. In one instance, the documents directed to the mother were apparently not delivered to the sheriff and were returned to the circuit clerk by the post office due to insufficient or incorrect address.
 2 Therefore, we reverse the circuit court and remand for further proceedings. The State's reliance on In re J.P.J. (1985), 109 Ill.2d 129, 485 N.E.2d 848, is misplaced. That case is inapposite to the case at bar since J.P.J. involved a noncustodial father whose whereabouts were unknown. The record in the instant case shows that the whereabouts of the minor's mother were known at the outset of proceedings. The record is unclear as to which parent had legal custody of the minor, though it appears that the father had physical custody.
The minor further claims that the trial judge did not properly accept her admission. She argues on appeal that the court failed to admonish her as to the consequences of her admission and that the record failed to demonstrate her awareness of the consequences of her admission. Our decision on the notice issue disposes of this case; *1030 however, we comment in order to provide guidance to the circuit court following remand.
The standards governing the due process requirements relating to admissions were set forth by the supreme court in In re Beasley (1977), 66 Ill.2d 385, 362 N.E.2d 1024. The Beasley standards were followed by this court in In re D.L.B. (1986), 140 Ill. App.3d 52, 488 N.E.2d 313, in which we rejected the argument that the testimony of the mother and probation officer at the dispositional hearing supported the proposition that the minor fully understood the consequences of his admission.
 3 The record in the case at bar indicates that the minor was not properly admonished and in fact was not admonished as to the consequences of her plea. The record does not demonstrate her awareness of the consequences of her admission.
The State on appeal relies upon In re D.S. (1984), 122 Ill. App.3d 326, 461 N.E.2d 527, in support of its contention that the entire record may be searched to determine the state of a juvenile's knowledge of the consequences of his admission. However, the court further stated that the record must indicate that the court affirmatively determined that the juvenile's admission was voluntary and intelligently made.
The record in the case at bar does not show that the court determined the minor's admission to be voluntary and intelligently made. Upon remand, the trial court should question the minor under the standards set forth in Beasley.
For the foregoing reasons, the judgment of the trial court is reversed and remanded.
Reversed and remanded.
GREEN and KNECHT, JJ., concur.