181 Ill. App.3d 453 (1989)
536 N.E.2d 1355
In re S.L.S. (The People of the State of Illinois, Petitioner-Appellee,
v.
S.L.S., Respondent-Appellant).
No. 4-88-0454.
Illinois Appellate Court  Fourth District.
Opinion filed April 6, 1989.
Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.
Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Reversed and remanded.
JUSTICE GREEN delivered the opinion of the court:
On May 13, 1988, a petition was filed in the circuit court of Champaign County alleging S.L.S. was a delinquent minor (Ill. Rev. Stat. 1987, ch. 37, par. 805-3) because he had committed the offenses of obstructing justice and driving without a valid driver's license. On May 25, 1988, an adjudicatory hearing was held at which S.L.S. admitted *454 commission of the charge of obstructing justice. The other charge was then dismissed. The court found S.L.S. to be a delinquent minor. Subsequently, a dispositional hearing was held, and, on June 23, 1988, S.L.S. was committed to the Department of Corrections. S.L.S. has appealed.
On appeal, the sole contention of the minor is that the circuit court lacked jurisdiction to enter the decree of delinquency because his father, Junior Smith, had not been served or notified of the filing of the petition as required by sections 2-15 and 2-16 of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1987, ch. 37, pars. 802-15, 802-16). The father's name and his residence, which was within Champaign County, were stated in the petition. He had appeared in court but not until the dispositional hearing. The mother was properly served and appeared at the adjudicatory hearing.
The most significant case in regard to the requirements of service or notice prior to entry of adjudicatory orders is still People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297. There, the supreme court upheld an appellate court decision reversing a circuit court judgment finding a minor delinquent and committing him to the Department of Corrections. (In re R.S. (1983), 117 Ill. App.3d 698, 453 N.E.2d 139.) That minor's parents were divorced but lived in the same city at the addresses listed in the delinquency petition. The minor had lived with his mother but was in the physical custody of his father at the time of the proceedings. The mother had not been served with summons or given notice of the filing of the petition and, unlike the father here, did not appear at any of the proceedings.
Prior to its decision in R.S., in the case of In re J.W. (1981), 87 Ill.2d 56, 429 N.E.2d 501, the supreme court held that failure to serve or give notice to a noncustodial parent listed in a petition alleging delinquency did not result in grounds to arrest a judgment of delinquency when the petition set forth that the name and whereabouts of the noncustodial parent were unknown. The court concluded that the attenuated nature of the relationship between this father and his blood son born out of wedlock was such that the father was not a necessary party, and proceeding without him did not deprive either the minor or the father of the due process rights as described in the case of In re Application of Gault (1967), 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428.
In R.S., the supreme court distinguished the situation there, where service upon the mother could easily have been obtained, from the situation in J.W., where only notice by publication, likely to be futile, could have been given in regard to the father. The R.S. court determined *455 no decision needed to be made as to whether the mother was an indispensable party, because, in any event, the statutory notice requirements had not been complied with. The majority held that the failure to notify the mother deprived the court of subject matter jurisdiction of the proceedings. A three-justice minority concurred in the result but concluded the failure to follow the notice procedure did not deprive the court of subject matter jurisdiction but was merely reversible error.
In the case of In re J.P.J. (1985), 109 Ill.2d 129, 485 N.E.2d 848, the opinion noted the dispute within the court on the jurisdiction issue discussed in R.S. but did not delve further into the matter. In that case, the court held that, when the whereabouts of a parent are stated in the petition to be unknown, any failure of the petitioner to exercise diligence in locating that parent is waived if not raised in the circuit court. Since R.S. and J.P.J., the supreme court has not spoken on the issues involved here.
 1 The State argues that the holding in J.P.J. negates any complaint by the minor as to the lack of notice to the father here because that issue was not raised in the trial court. We cannot agree. Waiver was applied in J.P.J. under circumstances where the petition set forth that the whereabouts of the parent were unknown. Here, the petition contained a statement as to the residence of the father.
After the supreme court decision in J.W., various courts, including this court, took a somewhat expanded interpretation of the precedent of J.W. in regard to notice to noncustodial parents. We stated: "Unless a minor shows some significant relationship with a noncustodial parent that is affected by the adjudication, he cannot * * * later be heard to complain about lack of notice" to the noncustodial parent. (In re S.W.C. (1982), 110 Ill. App.3d 695, 698-99, 442 N.E.2d 961, 964; see also In re Stokes (1982), 108 Ill. App.3d 637, 439 N.E.2d 514; In re Vaught (1981), 103 Ill. App.3d 802, 431 N.E.2d 1231.) The State takes the position here that the unserved father was not a custodial parent of the minor and did not have a close relationship with the minor. Citing the above cases, the State contends the court properly proceeded without service on the father.
 2 Mostly because of hearsay information in the probation officer's report presented for the dispositional hearing, the record does indicate the father, who was divorced from the mother when the minor was three years old, was not close to the minor and did not have custody of him. However, we do not interpret R.S. to allow a failure to serve a parent whose name and address are known even where the parent has no custody or close relationship with the minor. The R.S. *456 opinion gives little indication of the relationship of the minor to the mother, who had not been served. However, the court did say that, regardless of whether she was an indispensable party, statutory notice to her was required because of the availability of her address.
The dispute as to whether failure to serve a parent entitled to service deprives the court of subject matter jurisdiction is not an issue here because, as in R.S., the judgment is being attacked directly and not collaterally. The issue was raised for the first time on appeal. The R.S. opinions in the appellate and supreme courts give no indication whether question of service on the absent parent was ever raised there in the trial court. Yet, even the supreme court minority, who found the failure of service not to be jurisdictional, agreed the failure of notice to the mother was reversible error and deemed the error to be preserved.
In the case of In re J.W. (1981), 87 Ill.2d 56, 429 N.E.2d 501, contention was also made that the court could not properly proceed because the minor's custodial mother was not served. However, the mother had actual notice and appeared at the adjudicatory hearing. The supreme court concluded that the rights of the minor were properly protected. Similarly, in the case of In re R.R.S. (1988), 118 Ill.2d 544 (supervisory order), citing J.W., the supreme court reversed our decision in In re R.R.S. (1987), 160 Ill. App.3d 548, 514 N.E.2d 192, where we had set aside an adjudication of delinquency where the minor was not served with process before the adjudicatory hearing but had appeared at the adjudicatory hearing and was represented by counsel.
 3 Here, the unserved father did appear, but unlike the mother in J.W. and the minor in R.R.S., the unserved father did not appear at the adjudicatory hearing but later at the dispositional hearing. If the issue in regard to the father was merely one of obtaining personal jurisdiction over him, perhaps his later appearance would satisfy that question. However, according to the majority opinion in R.S., the service upon or appearance of a parent determines subject matter jurisdiction. (R.S., 104 Ill.2d 1, 470 N.E.2d 297.) If that is so, the circuit court did not have subject matter jurisdiction to enter the adjudicatory order and that jurisdiction could not be obtained subsequently. Even if the issue is only one of error, as contended by the R.S. minority, the lack of service on or process of the father at the adjudicatory hearing would render the adjudicatory order erroneous and subject to attack on the direct appeal. The R.S. court indicated that the primary purpose of affording the parents an opportunity to be present at significant juvenile delinquency proceedings is the aid the parent can *457 give to the minor. That aid cannot be supplied by a subsequent appearance.
Accordingly, under the precedent of R.S., we reverse the adjudicatory and dispositional orders in this case and remand the case to the circuit court of Champaign County for further proceedings.
Reversed and remanded.
KNECHT, J., concurs.
PRESIDING JUSTICE McCULLOUGH, dissenting:
As pointed out by the majority, the minor's natural father was listed on the petition as respondent, his address was known but he was never served with a copy of the petition. It also should be pointed out that he is a noncustodial parent. The adjudicatory hearing held on May 25, 1988, provided for a dispositional hearing, and notices were served on both the mother and father of the dispositional hearing set for June 23, 1988, and they were present for that hearing. The father never objected to the prior proceedings in this case and cannot now object and, likewise, the minor cannot object for the failure of the father to have been served with the original petition.
It is not a question of jurisdiction. There was subject matter jurisdiction, and the question is whether the failure to serve the father with the delinquency petition is error such that the trial court should be reversed. It was not.
In In re R.R.S. (1987), 160 Ill. App.3d 548, 514 N.E.2d 192, rev'd (1988), 118 Ill.2d 544, 521 N.E.2d 864 (supervisory order), where the minor was not served with a copy of the delinquency petition until after the adjudication, this court found that the minor could not enter his appearance, and personal jurisdiction of the minor could only be obtained by service of process, and that the circuit court's order was void as to the respondent minor. The supreme court in a supervisory order reversed our decision in R.R.S., citing In re J.W. (1981), 87 Ill.2d 56, 429 N.E.2d 501. In J.W., it was found that the adjudication of delinquency was not defective for failure to serve the minor's mother where she had actual notice and appeared without objection.
This court stated in People v. Land (1988), 169 Ill. App.3d 342, 350, 523 N.E.2d 711, 715:
"Consequently, where a juvenile, or any named respondent, appears before the court and participates in proceedings, he waives the formality of service of process and voluntarily submits to the jurisdiction of the court."
*458 In the case before us, the adjudicatory hearing was held on May 25, 1988, the father not having received notice. However, a supplemental petition charging aggravated battery was filed on June 6, 1988, and the father served with a copy of the supplemental petition and summons on June 9, 1988, set for a hearing on June 22, 1988. Nothing appears to have happened on June 22, 1988, but on June 23, 1988, the mother, father, and minor were before the court. The court stated that they were there for a dispositional hearing as to the adjudication on May 25, 1988, and at the conclusion of the hearing, the minor was committed to the Department of Corrections. The charge which was filed in the supplemental petition of June 6, 1988, was then dismissed.
Here, we have the father before the court for a dispositional hearing; he makes no objection to any prior hearings wherein he was not present; the probation officer's report shows that the father did not have a significant involvement until the last few weeks before the hearing of June 23, 1988; and S.L.S., represented by a guardian ad litem, did not object. S.L.S. cannot now complain.
Consistent with our decision in Land, the supreme court's supervisory order in R.R.S., and the supreme court's decision in In re J.P.J. (1985), 109 Ill.2d 129, 485 N.E.2d 848, the trial court should be affirmed.