*In re* D.L., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. D.L., a Minor, Respondent-Appellant).

Fourth District No. 4—97—0399

Opinion filed September 30, 1998.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Respondent, D.L., appeals from orders adjudicating him delinquent, placing him on probation, and revoking his probation. D.L. contends his father was not given proper notice of the proceedings, so that the court's orders are void for lack of jurisdiction. We affirm.

On October 24, 1994, the Vermilion County State's Attorney filed a petition for adjudication of wardship alleging D.L., who was born March 14, 1981, was a delinquent minor because he committed aggravated battery on August 31, 1994. The petition alleged D.L. and his mother lived at 102 Illinois Street in Danville, Illinois, but both the name and address of D.L.'s father were "unknown." On December 5, 1994, an affidavit for service by publication was filed, alleging D.L.'s father's name and address were unknown. On December 19, 1994, a certificate of publication was filed, giving "unknown father" notice of an adjudicatory hearing on the petition on December 20, 1994. On December 20, 1994, two summonses were filed along with returns of service indicating D.L. and his mother were each served notice of the December 20, 1994, hearing on December 19, 1994, at 102 Illinois Street in Danville. On December 20, 1994, a written plea agreement was presented to the court, but the court reset the cause for January 24, 1995. D.L. and his mother were given notice of that hearing. On January 24, 1995, the court accepted the plea agreement, adjudicated D.L. a delinquent minor, and placed him on probation for 18 months.

On November 6, 1995, a petition to revoke D.L.'s probation was filed alleging D.L. committed theft, and on November 17, 1995, a supplemental petition to revoke probation was filed alleging D.L. violated his probation by not attending school and by associating with his corespondents. On December 4, 1995, a supplemental petition for adjudication of wardship was filed alleging the same count of theft as contained in the petition to revoke probation. On the supplemental petition, D.L.'s father was still listed as "unknown." D.L. and his mother were given notice of these petitions. On January 9, 1996, D.L. admitted the allegations contained in each petition. On February 8, 1996, pursuant to the court's request, the probation department filed a social history report. The report named D.L.'s father and identified his address as 102 Illinois Street in Danville, the address where D.L. and his mother resided. D.L.'s mother advised the probation officer that she and D.L.'s father had resided together since D.L.'s birth in 1981, and that D.L., his mother, and father, had resided together at 102 Illinois Street in Danville since 1991.

On February 21, 1996, the court ordered D.L. committed to the Juvenile Division of the Department of Corrections (JDDOC) for a 60-day evaluation. After an April 17, 1996, dispositional hearing, the court placed D.L. on probation for two years.

On December 30, 1996, a petition to revoke D.L.'s probation was filed. On February 14, 1997, two summons for the March 31, 1997, hearing on the petition to revoke probation were filed, each showing service on January 29, 1997, to D.L. and his mother. The summons were issued to D.L. and his mother at 102 Illinois Street in Danville.

The court found the petition to revoke proved and on March 31, 1997, revoked D.L.'s probation. The court also ordered an updated social report, which was filed on April 17, 1997. The report indicated that D.L. and both parents continued to reside at 102 Illinois Street in Danville. After the April 30, 1997, dispositional hearing on the petition to revoke the court ordered D.L. committed to JDDOC for 120 days.

The record shows D.L. was present with his mother and represented throughout the delinquency and revocation proceedings. There is no showing, however, of an appearance by D.L.'s father at any of the court appearances at any point during the case. In fact, the only mention of D.L.'s father during the proceedings was at the March 31, 1997, adjudicatory hearing on the petition to revoke, describing his occasional participation in family counseling from 1995-96. Apart from the notice by publication to D.L.'s father on December 19, 1994, D.L.'s father was not given notice of any of the other hearings.

On appeal D.L. argues the original order adjudicating him delinquent is void because his father was not served with proper notice of the hearings on the original petition for adjudication of wardship, thereby failing to invoke the jurisdiction of the court. D.L.'s father was given notice by publication because the State, in the petition, alleged D.L.'s father's name and address were unknown. D.L. contends notice by publication to his father on the original petition was improper because the State should have known of D.L.'s father's existence and whereabouts since he lived with D.L. and his mother, and so his father should have been served personally. D.L. also contends the adjudicatory and dispositional orders on the petition to revoke probation, committing D.L. to JDDOC for 120 days, are void since his father, who was known and serviceable, was given no notice of those hearings.

■ The Juvenile Court Act of 1987 (Act) provides that the parents of a minor have a right to be present at proceedings conducted under the Act. 705 ILCS 405/1—5(1) (West 1994). A petition alleging a minor's delinquency must provide the names and residences of the minor's parents. 705 ILCS 405/5—13(2) (West 1994). If any of these facts are unknown, the petition must allege that they are unknown. *In re C.H.*, 277 Ill. App. 3d 32, 35, 660 N.E.2d 545, 547 (1995). Notice of proceedings must be given to the minor's parents who are named as respondents in the petition. 705 ILCS 405/5—15(1) (West 1994). Service of a summons and a petition is to be made either by personal service or by delivering a copy to the person's abode and then mailing another copy to that address. 705 ILCS 405/5—15(5) (West 1994). Service may be made by certified mail if personal or abode service is not made

on a respondent within a reasonable time or if it appears a respondent resides outside Illinois. 705 ILCS 405/5—16(1) (West 1994). Service by publication may be had only if personal or abode service is not made on a respondent within a reasonable time, or if a person is made a respondent under the designation of "All whom it may Concern," or if service cannot be made because the whereabouts of a respondent are unknown. 705 ILCS 405/5—16(2) (West 1994). In addition to these statutory requirements, a minor and his parents have a constitutional right of due process to receive adequate notice of a juvenile proceeding. *In re C.R.H.*, 163 Ill. 2d 263, 270, 644 N.E.2d 1153, 1156 (1994).

■ A respondent minor waives the issue of lack of notice to a noncustodial parent unless the minor brings before the trial court the State's failure to identify or locate a noncustodial parent whose identity or address is not known to the State at the outset of the proceedings. A minor also may waive any question regarding the State's diligence in attempting to locate and serve a noncustodial parent. *In re J.P.J.*, 109 Ill. 2d 129, 137, 485 N.E.2d 848, 851 (1985).

> "[T]he State's diligence in identifying or locating a parent whose identity or address was not known to the State at the commencement of the proceedings may not be attacked on appeal if the question was not also raised in the circuit court, where a record on the matter could have been made in the first instance. To hold otherwise would permit the minor to keep the issue in reserve and, if an appeal proves necessary, to raise it then, when the record is barren." *J.P.J.*, 109 Ill. 2d at 139-40, 485 N.E.2d at 853.

■ D.L. has waived his notice arguments on appeal. Throughout the nearly three years of judicial proceedings in this case, neither D.L., his mother, nor his counsel ever brought to the attention of the trial court the fact that the State did not provide his father with notice of the proceedings. Apparently D.L. and his parents all lived together. During the pendency of this case D.L. and his mother either knew that his father was not served and decided not to bring it to the trial court's attention, or they were not concerned that his father was never served and never appeared at the hearings. It is also hard to imagine that his father would not have known about the proceedings. D.L.'s father did occasionally attend counseling sessions with D.L. and his mother in 1995 and 1996. Bringing this issue to the attention of the trial court would have been of little benefit to D.L. It only benefits him to raise this issue on appeal, his *only* issue on appeal, and we will not reward him for reserving it until he thought it could help him. Even though *J.P.J.* involved waiver of the notice requirement as to a noncustodial parent, that principle is even stronger in this situation, involving a custodial parent. When all the family members live

together, those persons who were served have an even better opportunity to bring the issue to the trial court's attention at some point during the case.

We affirm the orders of the circuit court.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.