*In re* TYRONE W., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Tyrone W., Respondent-Appellant).

Second District   No. 2—01—0304

Opinion filed January 14, 2002.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Respondent, Tyrone W., a minor, was adjudicated a delinquent minor and was placed on probation. Thereafter, the minor's probation was revoked and he was committed to the Department of Corrections. We affirm.

On March 18, 1999, Tyrone W., a minor, was charged in a delinquency petition with the offenses of misdemeanor theft (720 ILCS 5/16—1(a)(1)(A) (West 1998)) and burglary (720 ILCS 5/19—1(a) (West 1998)). The petition listed Christopher W. as the minor's father, with an address in Tulsa, Oklahoma, and Wilma W. as the minor's mother, with a Rockford address. On March 18, 1999, a summons was issued to the father at the Tulsa address. It was returned not served on April 16, 1999.

On May 25, 1999, an amended delinquency petition was filed charging Tyrone W. with the offenses of theft (720 ILCS 5/16—1(a)(1)(A) (West 1998)), burglary (720 ILCS 5/19—1(a) (West 1998)), and residential burglary (720 ILCS 5/19—3 (West 1998)). The amended petition again lists Christopher W., with a Tulsa, Oklahoma, address, as the father and Wilma W., with a Rockford address, as the mother. The record does not reflect that any attempt was made to serve the father with the amended petition.

At a hearing on May 26, 1999, the State represented that an agreement had been reached whereby the minor would admit to the three counts contained in the amended petition and would be sentenced to 5 years' probation, 20 days in a juvenile detention facility, 40 hours of public service work, and the payment of restitution. Noting that a summons was sent to the address listed for the father in Oklahoma and came back unclaimed, the court further stated, "Unless somebody knows of a different address for him I don't know what else we can do, so I believe all reasonable attempts to give [the father] notice—he's a noncustodial parent who lives in a distant state." There were no comments made by the minor or his mother at this hearing concerning the whereabouts of the father, nor was any objection raised to the father's lack of notice.

The trial court explained to Tyrone W. the charges and the terms of the agreement reached. Tyrone W. admitted to the charges, and the trial court found the admission to be knowing and voluntary. An order was entered finding Tyrone W. to be a delinquent minor. A sentencing order was entered reflecting the nature of the agreement.

Thereafter, the State filed a petition to revoke probation for violating the terms of the probation order. The petition to revoke was amended by the State on two occasions. A second petition to revoke was also filed, which was amended on one occasion by the State. A third petition to revoke was filed and was amended by the State on two occasions. The State also filed a supplemental delinquency petition. None of the petitions to revoke or the amended petitions list the name or address of the father. Likewise, the supplemental delinquency petition does not contain the name or address of the father. The record does not reflect that the State made any attempt to serve the father with any of the petitions to revoke probation, the amended petitions to revoke, or the supplemental delinquency petition.

The matter proceeded to a hearing. The trial court found that the State had proved the charges in the revocation petitions. A dispositional hearing was held on February 16, 2001. Although the record does not reflect that the State served notice of the hearing on the minor's father, he was present. Arguments by the counsels for the State and for the minor were presented. No comment was made concerning the State's failure to serve notice of either the delinquency petitions or the petitions for revocation of probation on the minor's father. The minor was committed to the Department of Corrections.

■ On appeal, the minor contends that the trial court lacked jurisdiction to adjudicate him delinquent or revoke his probation because his father was never served with the delinquency petitions or the petitions to revoke probation. In juvenile proceedings, due process requires adequate notice of the proceedings to a minor and his parents, including written notification of the specific charge or factual allegations to be considered at an adjudicatory hearing. *In re B.L.*, 315 Ill. App. 3d 602, 605 (2000).

■ A petition alleging a minor's delinquency must provide the names and residences of the minor's parents. 705 ILCS 405/5—520(2)(c) (West 1998). If any of these facts are unknown, the petition must allege that they are unknown. *In re D.L.*, 299 Ill. App. 3d 269, 271 (1998). Notice of proceedings must be given to the minor's parents who are named as respondents in the petition. 705 ILCS 405/5—525(1)(a) (West 1998). Noncustodial parents should be served personally or by mail whenever possible. *B.L.*, 315 Ill. App. 3d at 605; see also 705 ILCS 405/5—525(1), (2) (West 1998). However, it is notice to

the custodial parent that is crucial. *B.L.*, 315 Ill. App. 3d at 605. A pleading in a juvenile proceeding that fails to name and notify the necessary respondents fails to invoke the jurisdiction of the court and thereby renders its orders void. *B.L.*, 315 Ill. App. 3d at 605.

Here, the record fails to indicate that Tyrone W.'s father was served with a summons and the petition of delinquency or that he was otherwise notified by the State of the adjudicatory hearing on the initial delinquency petition or the petitions to revoke probation. Although the supplemental record filed on appeal indicates that the minor's custodial parent stated in a separate proceeding involving the minor's brother that she was able to provide the State with the address of the father, there is no indication that the State made an attempt in this proceeding to locate Tyrone W.'s father after the initial summons was returned unserved.

■ Nevertheless, the lack of notice to a party can be waived. *B.L.*, 315 Ill. App. 3d at 605; see also 705 ILCS 405/5—525(4) (West 1998). A respondent minor waives the issue of the lack of notice to a noncustodial parent unless the minor brings before the trial court the State's failure to identify or locate a noncustodial parent whose identity or address is not known to the State at the outset of the proceedings. A minor also may waive any question regarding the State's diligence in attempting to locate and serve a noncustodial parent. *In re J.P.J.*, 109 Ill. 2d 129, 137 (1985); *In re D.L.*, 299 Ill. App. 3d 269 (1998).

■ The record reflects that the adjudicatory hearing on the initial delinquency petition and the petitions to revoke probation proceeded without any issue being raised concerning the State's efforts to locate the noncustodial father. Although the State could have been more diligent in its attempt to locate and notify the noncustodial father of the proceedings, the minor's failure to raise this issue in the trial court, particularly when he was represented by counsel, renders his jurisdictional argument waived on appeal.

Next, the minor contends that the State failed to prove, by a preponderance of the evidence, that he committed the offense of mob action (720 ILCS 5/25—1(a)(1) (West 2000)) as alleged in the second amended third petition to revoke probation.

■ The offense of mob action involves the use of force or violence disturbing the public peace by two or more persons acting together and without authority of law. 720 ILCS 5/25—1(a)(1) (West 2000). The complainant testified that he was accosted by a group of approximately 15 minors, some of whom punched him and reached into his pockets. The minor contends that the State failed to prove that he committed the offense of mob action because the complainant was not able to

identify him in court. He asserts that the testimony of two arresting officers that he was identified by the complainant in an out-of-court show-up identification is insufficient evidence that he was involved in the offense.

■ The record reflects that the testimony of Officer Eric Harris concerning the complainant's positive identification of the minor as being involved in the offense in an out-of-court show-up identification was proffered by the State without a hearsay or any other objection being raised by the minor. Therefore, the minor has waived any objection concerning the State's use of the testimony of the arresting officers concerning the minor's presence at the scene and the positive out-of-court identification by the complainant.

In our view, the evidence presented at the hearing was sufficient to satisfy the State's burden of proving, by a preponderance of the evidence (705 ILCS 405/5—720(3) (West 2000), that the minor committed the offense of mob action.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GROMETER and CALLUM, JJ., concur.