913 N.E.2d 74 (2009)
In re C.L., a Minor
(The People of the State of Illinois, Plaintiff-Appellee,
v.
C. L., Defendant-Appellant.)
Nos. 3-07-0936, 3-07-0937.
Appellate Court of Illinois, Third District.
July 14, 2009.
*75 Bryon Kohut, Office of State Appellate Defender, Ottawa, IL, for Appellant.
Terry A. Mertel, Deputy Director, State's Attorneys Appellate Prosecutor, Thomas D. Arado, State's Attorneys Appellate Prosecutor, Ottawa, IL, Kevin W. Lyons, State's Attorney, Peoria, IL, for Appellee.
Justice WRIGHT delivered the opinion of the court:
On August 25, 2004, the State filed delinquency petitions against the minor, Christopher L., alleging the minor committed the offenses of residential burglary and armed robbery in Nos. 04-JD-372 and 04-JD-373, respectively. The State did not name the minor's natural mother as a party in either juvenile petition and did not provide the natural mother with service of the original or subsequent petitions filed in the juvenile court. Subsequently, the trial court found the minor violated the terms of his juvenile probation and ordered him to be committed to an indeterminate sentence in the Illinois Department of Juvenile Justice not to exceed his twenty-first birthday. The minor filed a timely notice of appeal in each case challenging the validity of that order based on the omission of his natural mother as a party to the proceeding. Thereafter, this court granted the minor's motion to consolidate the two pending appeals based on each separate juvenile delinquency case.

FACTS
On August 25, 2004, the State filed juvenile delinquency petitions against the minor in Peoria County No. 04-JD-372 and No. 04-JD-373 alleging the minor committed the offenses of residential burglary and armed robbery, respectively. The petitions identified the minor and also identified the minor's parents as Robert L. and Roziland L. The petition alleged the minor, Robert L., and Roziland L. resided at 3716 W. Verner, Peoria, Illinois.
On September 8, 2004, the minor, the minor's father and the minor's attorney appeared in court when the minor formally admitted the allegations contained in both petitions. The trial court entered separate orders finding a factual basis existed for *76 the minor's admissions and finding the minor delinquent. According to a written order, the trial judge scheduled a "sentencing" hearing and ordered a social history report, psychological evaluation and placement investigation, if necessary.
On October 20, 2004, the juvenile probation department filed a social history report with the circuit court. The social history report listed Robert L. as the minor's natural father and listed Marilyn E. as the minor's natural mother. According to the report, the minor and the minor's father informed the juvenile probation officer, preparing the report, that the mother lived at an unknown address in St. Louis, Missouri and that the minor rarely had contact with his mother.
On October 20, 2004, the minor's father, the minor's attorney and the minor appeared in court. The minor's attorney informed the court that the parties had reached an agreement regarding punishment and agreed to the recommendations contained in the juvenile probation department report. After accepting this joint recommendation, the trial court entered separate orders in each case, making the minor a ward of the court, placing the minor on juvenile probation for a concurrent term of 5 years on each case, and sentencing the minor to 30 days detention and 60 days home detention.
On September 19, 2006, the State filed petitions alleging that the minor violated the terms of his juvenile probation by committing another residential burglary. The petitions listed the minor's address as 3716 W. Verner, Peoria, Illinois, and the petitions listed the minor's parents as Robert L. and Roziland L., residing at the same address as the minor. On September 25, 2006, the Peoria County sheriff's department filed three return of service forms with the court affirming that Roziland L. and the minor were served by leaving a copy of the summons with Robert L. at the residence located at 3716 W. Verner, Peoria, Illinois and that Robert L. was personally served with summons at the aforesaid address.
On May 14, 2007, the minor appeared in court with his attorney and admitted to violating the terms of his probation by committing another residential burglary. On July 11, 2007, Peoria County juvenile probation department filed a dispositional sentencing report with the court. The report listed "Rosalyn L." as the minor's stepmother and listed Robert L. as the natural father of the minor. The July report and a subsequent October 29, 2007, dispositional sentencing report prepared by probation both listed Marilyn E. as the natural mother of the minor and stated that she resided in St. Louis, Missouri. Both reports indicated that no other information was available to the reporting officer.
On October 29, 2007, the minor, the minor's father and the minor's attorney appeared in court. Neither party presented any evidence in mitigation or aggravation to the court. The trial court heard arguments from counsel. At that time, the trial court ordered the minor committed to the Illinois Department of Juvenile Justice for an indeterminate period not to exceed his twenty-first birthday. The trial court admonished the minor regarding his appeal rights.
On November 2, 2007, the minor's attorney filed a motion to reconsider in each case claiming that "based upon the minor's age, his acceptance of responsibility, his lack of criminality, his remorse for his actions, and upon the mitigating factors contained in the pre-sentence report, the sentence is unduly harsh." On December 10, 2007, the trial court heard and denied the motions to reconsider. The minor's attorney filed a motion for appeal in each *77 case requesting that the matter be certified for appeal and that the appellate public defender be appointed on the minor's behalf. The circuit clerk filed a notice of appeal in each case, on the minor's behalf, on December 21, 2007.

ANALYSIS
On appeal, the minor argues that the trial court lacked "jurisdiction" to enter the adjudicatory and dispositional orders in this case because the State failed to identify the minor's natural mother in the juvenile petitions and failed to make reasonable efforts to notify the minor's mother of the juvenile court proceedings. Consequently, the minor argues the adjudicatory and dispositional orders of the trial court must be vacated based on lack of jurisdiction. The minor does not challenge any factual findings made by the trial court.
The State argues that the State was not required to serve the natural mother with the juvenile petition or notice under a provision of the Juvenile Court Act of 1987 (705 ILCS 405/1-1 et seq. (West 2004)) because the minor did not live with his natural mother, had very little contact with her, and the record did not reflect that she regularly paid child support on behalf of the minor. Alternatively, the State argues that the minor has forfeited review of this issue because the minor failed to raise the issue in the trial court. Since neither party disputes the facts in this case, this appeal involves only the application of the law requiring de novo review. People ex rel. Waller v. Harrison, 348 Ill.App.3d 976, 979-80, 284 Ill.Dec. 799, 810 N.E.2d 589 (2004); see In re M.W., 232 Ill.2d 408, 414, 328 Ill.Dec. 868, 905 N.E.2d 757 (2009).

Subject Matter vs. Personal Jurisdiction
Recently, our supreme court provided a clear guidance that is determinative of the outcome of this appeal. In In re M.W., 232 Ill.2d at 417-29, 328 Ill.Dec. 868, 905 N.E.2d 757, our supreme court carefully explained the legal distinction between subject matter and personal jurisdiction. In that case, M.W.'s father had not been properly served with a copy of an amended delinquency petition as required by a provision of the Juvenile Court Act of 1987 (705 ILCS 405/5-530 (West 2004)). In re M.W., 232 Ill.2d at 412, 328 Ill.Dec. 868, 905 N.E.2d 757.
On appeal, the First District Appellate Court found that the circuit court lacked subject matter jurisdiction to consider the merits of the State's petition alleging M.W. to be a delinquent minor. The appellate court vacated the circuit court's order based on the failure to serve and provide notice to the natural father in that case. Reversing the appellate court, our supreme court explained:
"The question of subject matter jurisdiction is a matter of the justiciability of the class of cases to which the instant case belongs. Error or irregularity in the proceeding, while it may require reversal of the court's judgment on appeal, does not oust subject matter jurisdiction once it is acquired." In re M.W., 232 Ill.2d at 423, 328 Ill.Dec. 868, 905 N.E.2d 757; see People v. Davis, 156 Ill.2d 149, 157, 189 Ill.Dec. 49, 619 N.E.2d 750 (1993).
The court stated:
"`[W]ith the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution.'" In re M.W., 232 Ill.2d at 424, 328 Ill.Dec. 868, 905 N.E.2d 757, quoting Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill.2d 325, 334, 264 Ill.Dec. 283, 770 N.E.2d 177 (2002), citing Ill. Const.1970, art. VI, § 9.
*78 The court provided guidance for future cases by observing:
"Unlike subject matter jurisdiction, which is invoked by the filing of a petition or complaint alleging the existence of a justiciable matter, personal jurisdiction is `derived from the actions of the person sought to be bound.'" [citation] In re M.W., 232 Ill.2d at 426, 328 Ill.Dec. 868, 905 N.E.2d 757
And:
"Lack of personal jurisdiction, therefore, does not deprive the court of jurisdiction over the subject matter of the dispute; it merely deprives the court of the ability to impose judgment on parties over whom it lacks personal jurisdiction." In re M.W., 232 Ill.2d at 426-27, 328 Ill.Dec. 868, 905 N.E.2d 757.
Based on the decision in M.W., we conclude that subject matter jurisdiction arose in this case when the State filed a juvenile delinquency petition against the minor pursuant to the Juvenile Court Act of 1987 (705 ILCS 405/5-530 (West 2004)). Further, the trial court acquired personal jurisdiction of the minor and the minor's father when both appeared in court and after being served with the summons and petitions.
However, natural mother was neither named in the petition nor served in this proceeding. The Juvenile Court Act of 1987 specifies that the "the minor who is the subject of the proceeding and his parents" have the right to be present and are entitled to notice. 705 ILCS 405/1-5(1)(3) (West 2004). Notice is accomplished by service by summons as follows:
"(a) Upon the commencement of a delinquency prosecution, the clerk of the court shall issue a summons with a copy of the petition attached. The summons shall be directed to the minor's parent, guardian or legal custodian and to each person named as a respondent in the petition, except that summons need not be directed * * * (ii) to a parent who does not reside with the minor, does not make regular child support payments to the minor, to the minor's other parent, or to the minor's legal guardian or custodian pursuant to a support order, and has not communicated with the minor on a regular basis." 705 ILCS 405/5-525(1)(a)(ii) (West 2004).
The State argues that the exception set forth in section 5-525(1)(a)(ii) of the Act applies in this case. 705 ILCS 405/5-525(1)(a)(ii) (West 2004). While we agree that it is undisputed that the minor did not reside with his natural mother, Marilyn E., and had little contact with her, the record is completely silent as to whether the natural mother regularly paid child support to the minor or the minor's father. We will not assume a fact that does not appear in the record. Accordingly, the record does not support the State's contention that the exception applies in this case. Therefore, the natural mother was entitled to service of summons and notice, either in person, by certified mail or by publication.
However, in In re M.W., our supreme court held that the appellate court "incorrectly concluded that compliance with the notice requirements of the Act was an unwaivable condition precedent to the circuit court's exercise of subject matter jurisdiction over the justiciable matter before it." In re M.W., 232 Ill.2d at 426, 328 Ill.Dec. 868, 905 N.E.2d 757. Accordingly, our supreme court overturned its previous decisions requiring personal service or notice to a parent or legal guardian as a prerequisite to the trial court's authority to act. The supreme court ruled as follows:
"To the extent that [In re] C.R.H., 163 Ill.2d 263, 206 Ill.Dec. 100, 644 N.E.2d 1153[(1994)], [People v.]R.S., 104 Ill.2d 1, *79 83 Ill.Dec. 339, 470 N.E.2d 297 [(1984)], and [People v.]R.D.S., 94 Ill.2d 77, 67 Ill.Dec. 813, 445 N.E.2d 293 [(1983)], conflict with the rule enunciated in Belleville Toyota, they are hereby expressly overruled." In re M.W., 232 Ill.2d at 426, 328 Ill.Dec. 868, 905 N.E.2d 757.

Forfeiture
Since neither the minor nor the minor's father raised the issue of service upon the natural mother when before the trial court, it is unnecessary to examine whether the minor or minor's father had standing to challenge the absence of the natural mother in this case. Instead of raising the issue before the trial court, the minor, the minor's attorney and the minor's father allowed the trial court to proceed to hearing and sentencing on both the original delinquency petitions and the subsequent petitions to revoke probation.
Here, the minor and the minor's father clearly knew the identity of the minor's natural mother. Both the minor and his father were served with copies of the original delinquency petitions and the subsequent petitions to revoke probation that did not correctly identify the name of the minor's natural mother. Further, they were also aware that the minor's natural mother did not personally appear before the court in the juvenile proceeding. Despite this knowledge, the minor did not question the omission in the petitions or the lack of service on his natural mother when before the circuit court.
Had the issue been properly raised in the circuit court, the trial court could have addressed the issue and postponed the adjudicatory phases until the error could be addressed and corrected in the lower court. By failing to object to the absence of service and notice to natural mother, the minor has forfeited consideration of this error on appeal. To draw any other conclusion based on the record in this case would otherwise "`permit the minor to keep the issue in reserve and, if an appeal proves necessary, to raise it then, when the record is barren.'" In re M.W., 232 Ill.2d at 440, 328 Ill.Dec. 868, 905 N.E.2d 757, quoting In re J.P.J., 109 Ill.2d 129, 140, 92 Ill.Dec. 802, 485 N.E.2d 848 (1985).
Based upon the supreme court's decision in In re M.W., the trial court obtained subject matter jurisdiction over the minor when the State filed a juvenile delinquency petition against him pursuant to the Juvenile Court Act of 1987 and personal jurisdiction when the minor appeared in court. Accordingly, the lack of notice and service upon mother did not deny the trial court subject matter jurisdiction and personal jurisdiction over the minor to enter the adjudicatory and dispositional orders against the minor. Further, the minor has forfeited any right to challenge the lack of notice or service upon mother as the minor failed to raise this issue before the trial court. Accordingly, we affirm the judgment of the circuit court.

CONCLUSION
The judgment of the circuit court of Peoria County is affirmed.
Affirmed.
CARTER and HOLDRIDGE, JJ., concur.