(Nos. 59137, 59153 cons

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee
and Appellant, v. R.S., a Minor, Appellant and Appellee.

*Opinion filed October 19, 1984.*

GOLDENHERSH, UNDERWOOD, and SIMON, JJ., specially concurring.

Robert Agostinelli, Deputy Defender, and Peter A. Carusona, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant and appellee R.S.

Neil F. Hartigan, Attorney General, of Springfield, and Gary L. Peterlin, State's Attorney, of Ottawa (Mark L. Rotert and James E. Fitzgerald, Assistant Attorneys General, of Chicago, and John X. Breslin and Kenneth A. Wilhelm, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

R.S., a minor, was adjudicated a delinquent and made a ward of the court on October 21, 1982, in the circuit court of La Salle County and on November 9, 1982, after a disposition hearing, was committed to the Department of Corrections. The appellate court held that, despite the lack of notice to the minor's mother, the circuit court had jurisdiction, but it reversed and remanded the cause for a new adjudicatory hearing. This was on the ground that the trial judge exceeded judicial discretion by permitting a witness, not listed as a State's witness, to testify and help to establish the State's case against the minor. (117 Ill. App. 3d 698.) Under Rule 315 (87 Ill. 2d R. 315), we allowed the petitions for leave to appeal

which were filed by the minor and the State. The causes were consolidated for review.

On August 2, 1982, a petition for adjudication of wardship was filed, naming the minor and his natural parents, who were divorced, as respondents. (See Ill. Rev. Stat. 1981, ch. 37, par. 704—1(2).) The petition noted that the minor resided with his father in Ottawa. The minor's mother was listed as residing at a different address in the same city. The petition alleged that the minor was delinquent in that he had committed a burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)) in Ottawa on July 25, 1982, and therefore the best interests of the minor and the public required that he be adjudged a ward of the court. The court issued a youth warrant, and the minor was taken into custody on August 6, 1982, and placed in the La Salle County Detention Home.

On August 11, 1982, the minor appeared in court with his attorney, his probation officer and his father, and an adjudicatory hearing was set for August 18, 1982. On August 18, 1982, the court continued the matter and allowed the minor to reside with his father until the adjudicatory hearing. On October 21, 1982, the minor was adjudicated a delinquent and made a ward of the court. The record shows that the minor's father was present at all of the proceedings until approximately October 13, 1982, when he did not appear due to injuries. On November 9, 1982, a dispositional hearing was held and the minor was committed to the juvenile division of the Department of Corrections.

The record discloses that the minor's mother was never served with notice of the proceedings, though she was named a respondent and her address was listed in the petition for adjudication. The minor's mother never appeared at a proceeding. No summons or notice to any of the respondents appears in the record. Too, it is not

clear from the record who had been given legal custody of the minor. The minor had lived with his mother in Ottawa prior to January 1980, but the minor's father had physical custody at the time of adjudication.

The appellate court held that since the father had physical custody of the minor and had actual notice of the proceedings, it was not necessary for the mother to have been served with notice in order for the trial court to have jurisdiction. (117 Ill. App. 3d 698, 704.) The minor argues that the failure to serve notice on his mother, a named respondent whose address was known, violated his right to due process and the notice provisions of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, pars. 704—3, 704—4). Therefore, he says, the trial court lacked jurisdiction and its orders were void.

The Juvenile Court Act provides that the minor's natural parents must be named as respondents and their addresses listed in the petition for adjudication. (Ill. Rev. Stat. 1981, ch. 37, par. 704—1(2).) The Act also requires the clerk of the court to issue a summons for a minor against whom a delinquency petition has been filed and for each respondent named in the petition to appear and answer the petition. (Ill. Rev. Stat. 1981, ch. 37, par. 704—3.) The summons and petition may be served personally (Ill. Rev. Stat. 1981, ch. 37, par. 704—3(5)), by certified mail if personal service cannot be made, or by publication if service cannot be made by certified mail or if the respondent is unknown (Ill. Rev. Stat. 1981, ch. 37, pars. 704—4(1), (2)). The notice provision of the Act further provides:

> "Notice by publication is not required in any case when the person alleged to have legal custody of the minor has been served with summons personally or by certified mail ***." Ill. Rev. Stat. 1981, ch. 37, par. 704—4(2).

The State recognizes that the minor's father did not have legal custody as section 4—4(2) requires, but it contends that the requirements of due process as to notice

and under the Act were fulfilled because it is clear that the father had actual notice, as was evidenced by his attendance at the proceedings. Since the father had physical custody and actual notice, the State argues that because of section 4—4(2), it was not necessary to give notice to the noncustodial parent, the mother, in order for the trial court to have jurisdiction. Citing *In re J.W.* (1981), 87 Ill. 2d 56, primarily, the State also contends that service on the noncustodial parent here was excused because she was not an indispensable party to the action.

In *J.W.,* a petition for adjudication was filed against the minor, who was illegitimate. The custodial parent, the minor's natural mother, was named as a respondent and, though she had actual notice of the proceeding, never was formally served with notice. The noncustodial parent, the minor's natural father, was noted in the petition for adjudication as being "unknown." It was not clear from the whole record whether he was in fact unknown, but it was clear that no one knew where he was. There was no attempt at service. We stated that, since no one knew who the father was or where he could be found, he was not an indispensable party and it was proper to proceed with the delinquency proceeding without the father being present. (87 Ill. 2d 56, 59.) We further stated that since the custodial parent had actual notice of the proceedings, under section 4—4(2), which we have quoted above, publication was excused. Under those facts, we held that the trial court did not err in holding the adjudicatory hearing without notice by publication to the minor's unknown father. 87 Ill. 2d 56, 62.

*J.W.* and the other decisions cited by the State to support its position (*In re S.W.C.* (1982), 110 Ill. App. 3d 695; *In re Stokes* (1982), 108 Ill. App. 3d 637; *In re D.J.B.* (1982), 107 Ill. App. 3d 482; *In re Vaught* (1981), 103 Ill. App. 3d 802) are distinguishable. In them the trial courts were held to have had jurisdiction since no-

tice by publication to an unknown parent, or a parent whose address was unknown, was excused under section 4—4(2).

Here, however, the noncustodial parent properly was named as a respondent in the petition and her address was given. Unlike the unknown parent in *J.W.*, it would appear that the mother here could, without difficulty, have been served with notice as required under the Act. Furthermore, we need not decide whether the minor's mother was an indispensable party (see *In re J.W.* (1981), 87 Ill. 2d 56; *In re L.E.J.* (1983), 115 Ill. App. 3d 993), since the legislature, through the notice provisions of the Juvenile Court Act, has already determined that the mother must be named and served with notice in order for the trial court to conduct an adjudicatory proceeding. Noncompliance with the notice provisions of the Act here allowed an adjudication of wardship without notice to a named parent, whose address was contained in the petition, and thus violated the right of parent and child to due process (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428; *In re J.W.* (1981), 87 Ill. 2d 56). As was stated in *People v. R.D.S.* (1983), 94 Ill. 2d 77, 83:

> "A pleading that does not name and notify a necessary respondent in a juvenile proceeding fails to invoke the jurisdiction of the court and thereby renders its orders void. [Citations.]"

The State, by failing to notify the minor's mother, a named respondent with a known address, of the juvenile proceedings against her son, did not properly invoke the trial court's jurisdiction and the court's order of adjudication on October 21, 1982, and subsequent orders were void. Because we have determined that the circuit court lacked jurisdiction we need not address the issue raised by the State on its petition for leave to appeal.

For the reasons given here, we affirm the appellate court's reversal of the finding of delinquency. The cause

is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*Affirmed and remanded.*

JUSTICE GOLDENHERSH, specially concurring:

I agree that failure to serve the mother with notice requires reversal of the judgment in this case, but I cannot agree that the court was without jurisdiction to enter the order of adjudication. The concept that the failure to give notice failed "to invoke the jurisdiction of the court" (104 Ill. 2d at 6) is an archaic vestige of an earlier body of law, and it is time that it be laid to rest. In my special concurring opinion in *People v. R.D.S.* (1983), 94 Ill. 2d 77, 83-85, I traced the origin of this now inoperative rule and demonstrated that it did not survive the adoption of the Constitution of 1970.

The court had jurisdiction, and a court which has jurisdiction has jurisdiction to be right or wrong. In proceeding in the matter without having required the noncustodial mother to be served with notice, the court was wrong, and the order must be reversed.

UNDERWOOD and SIMON, JJ., join in this special concurrence.