133 Ill. App.3d 1048 (1985)
479 N.E.2d 1234
In re G.L., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
G.L., Respondent-Appellant).
No. 3-84-0694.
Illinois Appellate Court  Third District.
Opinion filed June 21, 1985.
*1049 Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.
John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Judgment affirmed.
JUSTICE STOUDER delivered the opinion of the court:
The minor respondent, G.L., appeals from adjudicatory and dispositional orders of the trial court. We affirm.
All events herein occurred in 1984. On August 24 the State filed a juvenile petition alleging that the minor was delinquent in having committed one count each of unlawful use of weapons and of theft (under $300). (Ill. Rev. Stat. 1983, ch. 38, pars. 24-1(a), 16-1(a)(1), respectively.) The minor and his divorced natural parents were named as party respondents.
Both the minor and his respondent mother were served notice of the petition at their Peoria address. The respondent father was served by certified mail to his Chicago address. The notice informed the father that the juvenile petition would be heard on September 4. No further notice to the respondents was provided throughout the instant proceedings.
At the September 4 proceedings the State, the minor, and his mother appeared. The adjudicatory hearing was continued to September 10. The father did not appear. On September 10, prior to the hearing, the State filed a supplemental juvenile petition against the minor. The September 10 petition alleged in four counts the minor's delinquency. Two of the counts were the same as those in the August 24 petition. The two new counts alleged the minor's unlawful possession of a firearm. (Ill. Rev. Stat. 1983, ch. 38, pars. 24-3.1(a)(1), 24-3.1(a)(2).) Apparently, the new counts were based on the events underlying the unlawful use of weapons count in the August 24 petition.
At the September 10 adjudicatory hearing the minor and his mother appeared. The father did not appear. On the State's motion and without objection by the minor, the court dismissed the theft count of the September 10 petition and dismissed the August 24 petition in its entirety. The court then heard evidence and found the minor guilty of all three firearm counts of the September 10 petition. In the adjudication order the court adjudged the minor a ward of the court. Following preparation of a social investigation report and a dispositional hearing where the father did not appear, the *1050 court committed the minor to the Department of Corrections. The minor brought this appeal.
On appeal the minor argues that the State's failure to properly notify the father of the proceedings violated due process and the notice provisions of the Juvenile Court Act (the Act) (Ill. Rev. Stat. 1983, ch. 37, par. 701-1 et seq.). More specifically, the minor argues that the court lacked jurisdiction for adjudicatory and dispositional proceedings because the father was not given notice of the September 4 continuance, the filing of the September 10 supplemental petition, and the dispositional proceedings. According to the minor, the nature of the father's relationship with the minor made the father an indispensable party. The minor argues alternatively that the court committed reversible error in making a finding of wardship at the adjudication rather than at the disposition.
The State, on the other hand, argues that the father did have adequate notice for the proceedings. In arguing that the father had notice for both the adjudication and the disposition the State states that the respondents were all properly served with the August 24 petition; that the September 10 supplemental petition contained no crimes in addition to those in its properly noticed predecessor; and that a court has a continuing jurisdiction over juvenile proceedings. The State further argues that the father had actual notice of the disposition. Alternatively, the State argues that any failure of notice to the father was not jurisdictional as the mother, the minor's custodial parent, was present throughout the proceedings. The State does not address the respondent's arguments concerning notice of continuance and the court's finding of wardship at the adjudication.
Consistent with the constitutional mandate for due process, the provisions of the Act provide that party respondents named in a juvenile petition, including the subject minor and his natural parents, are entitled to notice of filing of the petition and of hearing scheduled on the petition. (Ill. Rev. Stat. 1983, ch. 37, pars. 704-1(2), 704-3, 704-4.) Section 4-4(4) of the Act also requires notice to respondents when the date set for the hearing on a petition is rescheduled. (Ill. Rev. Stat. 1983, ch. 37, par. 704-4(4).) Failure to comply with statutory notice provisions may deprive a juvenile court of jurisdiction. (People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297.) Effective September 23, 1983, the Act also requires that notice of a dispositional hearing be given party respondents. Ill. Rev. Stat. 1983, ch. 37, par. 705-1(2).
 1 We first address the minor's argument regarding failure of notice of the continuance ordered September 4. The minor offers no *1051 case authority for his assertion that due process and the Act required that the father be given notice of the continuance. We do not so find.
The notice provision of section 4-3 of the Act (Ill. Rev. Stat. 1983, ch. 37, par. 704-3) provides that summons to a respondent shall require appearance on the date set for adjudicatory hearing on the juvenile petition. Section 4-4(4) of the Act provides further that "[i]f it becomes necessary to change the date set for hearing in order to comply with Section 4-3 or with this Section, notice of the resetting of the date must be given, * * *." Ill. Rev. Stat. 1983, ch. 37, par. 704-4(4).
We are aware of no prior interpretations of section 4-4(4). However, we consider its plain language in light of the continuing nature of jurisdiction in the juvenile court. (See In re Thompson (1980), 79 Ill.2d 262, 402 N.E.2d 609.) We find that section 4-4(4) intends that respondents be notified of the first date of proceedings on the petition. Due process requires that parties who may wish to participate in proceedings involving their rights be informed as to when the proceedings will begin. To that end, the section requires additional notice to the respondents when the hearing date specified in the original notice has been changed and no hearing on the petition will occur on the formerly noticed date. Continuances following the first hearing do not constitute "resetting of the date" for hearing. Further, upon occurrence of the first, noticed hearing, all participating parties will have actual notice of continuances ordered. We find no due process violation in failure to notify a defaulting party of continuances after initial hearing on a petition.
In the instant case, there is no argument but that the respondents were given notice of the juvenile petition filed August 24. The father's notice stated that adjudicatory proceedings would be held September 4. On September 4, the court had jurisdiction when the August 24 petition was presented as noticed. At that hearing, the minor denied the allegations of the petition and the cause was continued. The continuance did not trigger the additional notice requirement of section 4-4(4). Furthermore, due process did not require notice of the continuance to the nonappearing father.
 2 We next address the minor's argument that the court lacked jurisdiction for proceedings on the September 10 supplemental petition. The minor emphasizes that no new notice was given on the September 10 supplement and that the supplement included two new counts. The minor presents, and we are aware of, no cases with facts similar to those before us.
*1052 As we held in In re R.P. (1981), 97 Ill. App.3d 889, 423 N.E.2d 920, due process and the Act require that respondents receive notice under sections 4-3 and 4-4 of the Act upon filing of a supplemental petition for delinquency which contains allegations based on a different transaction than is alleged in a prior, noticed petition. The instant facts, however, are quite different from those in R.P. We find there was no due process or statutory requirement that the State give notice of the September 10 supplemental petition.
In the instant supplemental petition, the minor was charged in four counts. The supplemental petition alleged theft in one count unchanged from the noticed August 24 petition. The supplemental petition also alleged in three counts the minor's unlawful contact with a firearm. One of those firearm counts duplicated the August 24 firearm count. That previously noticed firearm count and the supplement's two new counts were apparently all based on one incident. Each of the three firearm counts charged a Class A misdemeanor. The first hearing on the supplemental petition was held at the time scheduled for continued proceedings on the prior petition. The prior petition was dismissed only after the start of that hearing and substitution of the supplement.
We find that under these circumstances, notice for the August 24 petition was adequate notice for the September 10 supplement. The filing of the supplement did not expose the respondents to a greater potential penalty. The supplemental petition pertained only to incidents called to the respondents' attention in the prior petition. Further, substitution of the supplement did not alter the hearing schedule known to the respondents. The minor does not argue, and we do not find given the sequence of events here, that the eventual dismissal of the August 24 petition is of consequence to our determination. Neither do we consider significant the fact that the new counts of the September 10 supplement were based on a statutory section not included in the noticed petition.
 3 Lastly, we address the minor's arguments concerning his disposition. We initially find, contrary to the minor's argument, that the State's failure to give notice of the dispositional proceedings, although erroneous (Ill. Rev. Stat. 1983, ch. 37, par. 705-1(2)), did not deprive the court of jurisdiction for those proceedings. As the court had proper jurisdiction for the minor's adjudication, the failure of statutory notice for the disposition did not terminate the court's continuing jurisdiction prior to the dispositional proceedings. (In re D.M. (1985), 131 Ill. App.3d 962.) Whether the father had actual notice of the disposition is jurisdictionally insignificant.
*1053  4 The minor's final argument, then, is that we must reverse the court's determination of wardship and disposition based on the fact that the court determined wardship at the adjudication rather than at the disposition. The minor correctly observes that effective January 1, 1984, the Act provides that a juvenile court shall make a determination of wardship at the minor's dispositional hearing, and not at the adjudicatory hearing as the statute formerly required. (Ill. Rev. Stat., 1984 Supp., ch. 37, pars. 704-8(2), 705-1(1); compare former provision at Ill. Rev. Stat. 1983, ch. 37, pars. 704-8(2), 705-1(1).) The minor, then, relies without extended argument on In re A.L.J. (1985), 129 Ill. App.3d 715, 473 N.E.2d 132, to assert that we must reverse in part.
In A.L.J., the fourth district held that the trial court's adjudicatory finding of wardship, made in contravention of the Act's instant new provisions, was not harmless error. We choose not to adopt the reasoning in A.L.J.
In the instant case, the court properly considered dispositional evidence before entering its dispositional order. The dispositional order committing the minor to the Department of Corrections was made within the court's sound discretion. That order by the court not only endorsed the court's adjudicatory order of wardship but also comprised the court's determination, based upon the additional information presented for disposition, that it was in the best interests of the minor and the public that he be made a ward of the court. (Ill. Rev. Stat., 1984 Supp., ch. 37, par. 705-1.) Consequently, although we agree with the A.L.J. court that a minor should preferably benefit from the court's consideration of dispositional evidence prior to entry of an order of wardship, we find that the mistimed order here did not prejudice the minor. The error was harmless.
Accordingly, the judgment of the circuit court of Peoria County is hereby affirmed.
Affirmed.
BARRY and SCOTT, JJ., concur.