*In re* D.L.F., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. D.L.F., Respondent-Appellant).
Third District    No. 3—85—0055

Opinion filed September 18, 1985.

Robert Agostinelli and Kenneth D. Brown, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The minor respondent, D.L.F., was adjudicated delinquent for having committed the offenses of aggravated battery, unlawful use of weapons, and aggravated assault. (Ill. Rev. Stat. 1983, ch. 38, pars. 12—4(b)(1), 24—1(a)(2), 12—2(a)(1), respectively.) The court committed the minor to the Department of Corrections. On appeal, the minor argues that the court's orders are void and that he was not proved guilty of aggravated battery beyond a reasonable doubt. We affirm.

The instant delinquency petition and supplement were filed, respectively, on October 24 and November 2, 1984. Named as respondents to the petitions were the minor; his mother and father; his foster parents; his guardian, the Illinois Department of Children and Family Services (DCFS); and the Juvenile Detention Center. The father's address was listed as unknown. At the first hearing on the petitions, the mother, who had surrendered her parental rights and was served summons but did not appear, was defaulted without objection from the minor. Also at that hearing, the court found it lacked jurisdiction given the State's failure to give any notice of the proceedings to the father. The cause was continued.

Thereafter, the State mailed notice to the father at a Dallas address where he had been found in June of 1983. The notice letter was returned, marked addressee "not known," and "unable to forward." The State then published in Peoria notice to the father. Publication was supported by the State's affidavit that it had inquired of the minor, Peoria police records, the Peoria city directory, and a Peoria County assistant State's Attorney in its diligent attempt to locate the father. After the State published notice to the father, the court held an adjudicatory hearing on the instant petitions. The minor, his coun-

sel, his foster mother, and a DCFS representative were present at the hearing. Following the hearing, the court entered an order declaring the minor delinquent. Following a subsequent dispositional hearing, the court ordered the juvenile committed to the Department of Corrections.

The minor's first argument on appeal is that all the court's orders are void for insufficient notice to the father. According to the minor, the State's failure to make diligent inquiry to locate the father for notice in the instant case violated the Juvenile Court Act (the Act) (Ill. Rev. Stat. 1983, ch. 37, par. 701—1 *et seq.*), and due process. The State argues that notice to the father was not a prerequisite to subject matter jurisdiction in the court; that the father was not an indispensable party to the action; and that if the father were entitled to notice, notice by publication here was sufficient as preceded by a duly diligent inquiry by the State.

Both due process and the Act require that the subject minor and his natural parents receive notice of delinquency proceedings. (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428; Ill. Rev. Stat. 1983, ch. 37, pars. 704—1(2), 704—3, 704—4.) Summons and the petition must be served personally; by certified mail if personal service cannot be made; or by publication if service by certified mail cannot be made. (Ill. Rev. Stat. 1983, ch. 37, pars. 704—3, 704—4.) Service by publication to a respondent should be preceded by a duly diligent search for the respondent's address for personal or mailed service. *In re T.B.* (1978), 65 Ill. App. 3d 903, 382 N.E.2d 1292.

The Illinois Supreme Court has recently held that adjudication of wardship without notice of the underlying juvenile petition to a respondent parent whose name and address appear in the petition violates both the parent's and the child's right to due process. (*People v. R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297.) However, failure to provide notice to an absent parent does not always deprive a court of subject matter jurisdiction. *In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501; *In re J.P.J.* (1984), 122 Ill. App. 3d 573, 461 N.E.2d 578, *appeal allowed* (1984), 101 Ill. 2d 572.

The minor urges that we should find that the court here could not have subject matter jurisdiction for the proceedings unless the father received proper notice under the Act. He further urges that we should find that notice by publication here was improper as it was not preceded by a duly diligent search for the absent father. We disagree.

■ We find initially that under the facts before us, the father was not an indispensable party to the proceedings. Consequently, insufficient notice to him would not deprive the court of subject matter

jurisdiction. (See *In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501.) The absent father here had had no direct contact with the minor for at least 10 years. Although the father's new wife, in an October 1981 letter to the State, expressed her and the father's concern for the minor and their desire to have custody following the father's release from a Louisiana Work Training Center, the record reflects no later manifestation of the father's claimed interest. Following the father's March 1982 Work Training Center discharge date, he apparently settled in Dallas, Texas. From there, in June of 1983, he acknowledged receipt of a certified mail notice of another of the minor's juvenile petitions. However, the father did not attend the proceedings on that petition. Further, he apparently has not recently communicated directly with the minor as the minor was unaware of the father's address for service on the instant petitions.

In finding that the father was not an indispensable party, we acknowledge the minor's argument under *People v. R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297. In *R.S.*, the supreme court rejected the State's argument that service was not jurisdictional as the absent parent was not an indispensable party. However, we find that *R.S.* does not control this case. Here, unlike in *R.S.*, the absent parent's address was not known to the State. Further, here, unlike in *R.S.* and much of the minor's other cited authority, the State did ultimately attempt to send service by certified mail and then published notice under the Act. Ill. Rev. Stat. 1983, ch. 37, par. 704—4(2).

Also in finding that the father was not indispensable herein, we note that the proceedings were not directly and expressly against the father's parental rights. (See *In re Vaught* (1981), 103 Ill. App. 3d 802, 431 N.E.2d 1231.) We further note that the minor was benefitted in the proceedings by the presence of counsel; his legal guardian, DCFS; and one or both of his foster parents of two years. Although the minor's mother did not participate herein, she also was neither a custodian nor an interested party. The participating parties were the most likely sources of adult assistance available to the minor.

Although we find that a failure of service to the father would not have deprived the court of subject matter jurisdiction, in view of the unsettled nature of the law in this area, we address the minor's argument regarding the propriety of service by publication. The minor argues that notice by publication was insufficient to give the court jurisdiction as the State was not duly diligent in attempting to locate the father for personal or certified mail service. In support of his argument, the minor relies largely on *In re T.B.* (1978), 65 Ill. App. 3d 903, 382 N.E.2d 1292. However, the argument is unpersuasive.

The facts here are distinguishable from those which in *T.B.* caused us to find a lack of due diligence by the State. Here, the State acknowledged the absent parent's likely out-of-State residence and attempted service there. Furthermore, here, quite unlike in *T.B.*, the State could not have inquired of the parent's former neighbors within the local county, but would have had to travel to or enlist assistance from distant States to so inquire.

■ We observe that the State's efforts to locate the father were less than enthusiastic here, and we do not sanction the State's behavior. Nevertheless, we find that under the circumstances, when a certified mailing to the father's last known address was undeliverable and when the minor could not assist the State to locate the father, reliance on notice by publication was unfair neither to the minor nor to the father.

■ The minor's second argument on appeal is that he was not proved guilty of aggravated battery. Specifically, the minor argues that the State failed to prove beyond a reasonable doubt that he did not act in self-defense. According to the minor, the evidence was insufficient to prove that his use of force was not justified.

The charge underlying the challenged conviction alleged that the minor knowingly caused bodily harm to Robert Doerr without legal justification and by use of a knife. The evidence clearly established that Doerr's arm was cut by a knife held by the minor while the two boys were fighting. Testimony otherwise conflicted on questions such as what events prompted the fight between Doerr and the minor, whether Doerr may have been armed in the fight, which boy was more the aggressor in the struggle, and whether Doerr was cut by trying to take the knife from the minor, by the minor's accidental contact, or by the minor's lunges at him.

As self-defense is an affirmative defense, once the issue was effectively raised by the minor, the State had the burden of proving the minor's guilt as to that issue, as well as other elements of the offense, beyond a reasonable doubt. (Ill. Rev. Stat. 1983, ch. 38, pars. 7—14, 3—2.) Whether the minor's behavior was justified under the law of self-defense depended on the surrounding facts and circumstances to be determined by the sound judgment of the trial court. (*People v. Woods* (1980), 81 Ill. 2d 537, 410 N.E.2d 866.) We find that the evidence here supports the court's judgment that the minor was proved guilty beyond a reasonable doubt of the instant aggravated battery charge.

Contrary to the minor's argument, we do not find that the facts here are analogous to those in *In re S.M.* (1981), 93 Ill. App. 3d 105,

416 N.E.2d 1212. In *S.M.*, the appellate court found that the evidence failed to prove beyond a reasonable doubt that the minor respondent did not act in self-defense. In *S.M.*, unlike in the instant case, the appellate court found that the evidence showed that the minor tried to avoid a confrontation; that he made repeated efforts to flee; and that he used his weapon only after he was cornered, unable to get help, and his warning was ignored. In contrast, we find that the instant evidence clearly showed that the minor respondent sought a confrontation with Doerr, armed himself for that confrontation, and used his weapons from an aggressive stance. The evidence was sufficient to prove the minor guilty beyond a reasonable doubt.

Based on the foregoing, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.