191 Ill. App.3d 415 (1989)
547 N.E.2d 1276
In re J.K. III, a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
J.K. III, Respondent-Appellant).
No. 2-88-0347.
Illinois Appellate Court  Second District.
Opinion filed November 29, 1989.
G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.
*416 Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Orders reversed.
JUSTICE INGLIS delivered the opinion of the court:
Respondent, J.K., appeals from orders of the circuit court of Kane County adjudicating him a delinquent minor and a ward of the court and placing him on probation for one year. J.K. also appeals from the circuit court's denial of his motion to suppress evidence and quash his arrest; however, because we agree with J.K.'s contention that the circuit court lacked subject-matter jurisdiction, we need not address his contentions directed to the motion to suppress.
The record reveals the following facts. On November 12, 1987, J.K. broke into a neighbor's home and stole a handgun. On January 16, 1988, J.K. and a friend were detained by a Montgomery police officer who thought that the two boys were runaways. Upon discovery of the handgun, the officer arrested J.K. for unlawfully concealing a weapon. While in police custody, J.K. admitted to the theft. The State filed a petition for adjudication of delinquency which charged J.K. with, inter alia, theft and criminal damage to property. The petition, dated January 19, 1988, named both J.K.'s mother and father and stated their address. The family was intact, and J.K. and his parents resided at the same address. The record contains no indication that J.K. and his parents were ever served or otherwise formally notified of the petition for adjudication.
At the detention hearing held on January 19, 1988, J.K. appeared with his father, John K.J.K. appeared with his appointed counsel and his father at all other proceedings; however, Peggy K., J.K.'s mother, never appeared. The social investigation report prepared by a probation officer on January 21, 1988, indicated that Peggy K. had been contacted by the probation officer twice, once by telephone on January 19, 1988, and once in person on January 20, 1988.
 1 On appeal, J.K. contends that the circuit court lacked jurisdiction to conduct its delinquency proceedings because his mother was never properly notified of the delinquency petition pursuant to the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1987, ch. 37, par. 801-1 et seq.). J.K. correctly notes that the Act requires a petition for adjudication of delinquency to set forth the names and addresses of the minor, his parents, his legal guardian, or the person or persons having custody or control of the minor. (Ill. Rev. Stat. 1987, ch. 37, par. 805-13(2).) The Act further provides:
"When a petition is filed, the clerk of the court shall issue a *417 summons with a copy of the petition attached. The summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition." (Ill. Rev. Stat. 1987, ch. 37, par. 805-15(1).)
The summons is to be served personally or left at the respondent's usual place of abode (Ill. Rev. Stat. 1987, ch. 37, par. 805-15(5)); however, the Act provides for notice by certified mail or publication under certain limited circumstances (Ill. Rev. Stat. 1987, ch. 37, par. 805-16). As this court has previously noted, "[t]he method of notice appropriate to a particular respondent depends heavily on the State's ability to identify and locate that person; only service by publication is excused under certain conditions, and if personal or abode service or service by certified mail is possible, the statute requires it." In re J.M. (1988), 170 Ill. App.3d 552, 565.
As J.K. correctly observes, the petition in the instant matters named him, his father, and his mother as respondents. Further, the petition noted the same address in Montgomery, Illinois, for all three respondents. Although J.K., his counsel and his father appeared at all proceedings, his mother did not attend any of the proceedings. J.K. urges this court to hold all of the proceedings before the circuit court void for lack of jurisdiction due to the lack of notice to his mother. We determine that the instant matter is controlled by People v. R.S. (1984), 104 Ill.2d 1, wherein our supreme court held that the State, in neglecting to notify a named respondent with a known address of juvenile proceedings against her son, failed to invoke the circuit court's jurisdiction, thus rendering all of the circuit court's orders void. 104 Ill.2d at 6.
 2 It is well established that due process requires adequate notice to a minor and his parents in juvenile proceedings. (In re Application of Gault (1967), 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428; see also In re J.M., 170 Ill. App.3d at 564.) Further, it has been held that an adjudication of wardship of a minor without notice to a known parent of a known address constitutes a violation of both the parent's and the minor's due-process rights as well as a violation of the Act. (In re D.L.F. (1985), 136 Ill. App.3d 873, 875.) In D.L.F., the State named as respondents the minor, the minor's natural parents and foster parents, the minor's guardian, the Department of Children and Family Services and the Juvenile Detention Center. The State's petition noted the natural father's address as "unknown," and the trial court proceeded with the adjudication in the absence of service to the father. The minor appealed, claiming that the State's failure to use diligence in locating his father violated the Act, deprived him of his *418 due-process rights and failed to invoke the jurisdiction of the court. The appellate court agreed that both the Act and due process require notice to natural parents; however, the court stated that the "failure to provide notice to an absent parent does not always deprive a court of subject matter jurisdiction." (D.L.F., 136 Ill. App.3d at 875.) The appellate court held that because the father's address was unknown, R.S. was not controlling. 136 Ill. App.3d at 876.
The holding in D.L.F. relies on an earlier supreme court decision, In re J.W. (1981), 87 Ill.2d 56, in which the minor's mother was the sole actual custodian. In J.W., the minor's mother did not receive formal notice or service of summons, although she did have actual notice of the juvenile proceedings, and she did appear and participate at all times. The supreme court held that the mother waived formal service and submitted herself to the court's jurisdiction. (J.W., 87 Ill.2d at 62.) The court further held that the minor's father, whose identity and whereabouts were unknown, was not an indispensable party and it was not improper for the circuit court to proceed with the delinquency hearing in the father's absence. 87 Ill.2d at 59.
The facts presented in J.W. are clearly distinguishable from those presented in R.S. In the former, the State failed to notify an unknown parent at an unknown address, while in the latter, the State failed to notify a known parent at a known address. In the latter situation, the failure to notify such a parent constituted a violation of the Act and of the minor's and the parent's due-process rights. More significant, however, is the supreme court's holding that a petition for delinquency which fails to notify such a parent fails to invoke the circuit court's jurisdiction. R.S., 104 Ill.2d at 6.
The applicability of the R.S. holding to the case at bar is obvious. Although J.K.'s mother's name and address were known and were stated on the petition, the record lacks any indication that she was ever served or otherwise formally notified of the pendency of the petition. Further, although J.K.'s mother may have had actual notice of the State's petition, a conclusion we decline to make on the record before us, the fact remains that she never appeared at any of the proceedings. Thus, J.K.'s mother never waived formal service under the Act, nor did she submit to the circuit court's jurisdiction. Cf. J.W., 87 Ill.2d at 62.
 3, 4 The State argues that J.K. has waived the issue of notice to his mother by raising it for the first time on appeal. The State relies on In re J.P.J. (1985), 109 Ill.2d 129, in which the supreme court held that a minor waived the issue of notice by failing to raise any question in the circuit court regarding the State's diligence in attempting *419 to locate and serve a noncustodial parent with an unknown address. (J.P.J., 109 Ill.2d at 136-37.) The State contends "that J.P.J. should be read as authority to find that the failure to serve notice on a custodial parent may also be waived if not raised below." We do not believe J.P.J. can be extended so far. It is an inescapable fact that J.K.'s mother lived at the same address as J.K. and his father; she is a known custodial parent at a known address. Thus, J.P.J. is inapplicable. Further, as we have previously noted, "State intervention * * * which has a divisive impact on family relations requires strict adherence to the requirements of procedural due process." (J.M., 170 Ill. App.3d at 565.) The State concedes that Peggy K. is a custodial parent; thus, she is an indispensable party to a delinquency proceeding concerning her son, J.K. (See J.W., 87 Ill.2d at 59.) The State offers no excuse for its failure to properly notify her of the pendency of these proceedings, and under the circumstances presented here, we have no choice but to reverse the circuit court's orders for lack of jurisdiction. In view of this holding, we need not address J.K.'s additional contentions on appeal.
Accordingly, the judgment of the circuit court of Kane County is reversed.
Reversed.
UNVERZAGT, P.J., and REINHARD, J., concur.