*In re* E.D. McC., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. E.D. McC., Respondent-Appellant).

Second District   No. 2—89—0750

Opinion filed July 26, 1991.

G. Joseph Weller and David Devinger, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Respondent, E.D. McC., appeals from orders of the circuit court of Ogle County which found him to be a delinquent minor, made him a ward of the court and placed him on probation for a period of two years. The disposition order also provided, among other things, that respondent was to apologize to the victim by letter and that respondent's mother was to pay restitution in the amount of $80. Respondent's sole contention on appeal is that the State's failure to notify respondent's father of the adjudicatory hearing deprived the trial court of jurisdiction so that the orders appealed from are void for lack of jurisdiction.

According to the juvenile probation officer's report, dated July 3, 1989, respondent was 11 years old. Respondent's mother, Carrie Wade, and father, Eugene Marth, were never married, but lived together for several years and had two children, respondent and his brother, Scott. Respondent's mother married Curtis Wade in 1984. Respondent then lived with his mother and Wade until he was removed from the home in 1986 following a finding that his mother and stepfather were guilty of neglect. Respondent was in foster care from September 1986 to January 1987, when he was placed with his father. He then lived with his maternal grandmother from August 1987 to January 1989, when he was returned to the custody of his mother. The report stated that respondent's father had no contact with his sons because, the father stated, their mother did not allow it. The father also stated that he would like to have custody of respondent, if there was no visiting with the mother.

The record shows that the State filed a petition on February 24, 1989, alleging that respondent was delinquent pursuant to section 5–3 of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1989, ch. 37, par. 805–3). The petition alleged that, on or about August 6, 1988, respondent committed the offense of theft and stated that a hearing would be held on March 9, 1989. It named Curtis Wade as respondent's father and Carrie McC. as his mother. Summons was served on respondent, Curtis Wade and Carrie Wade. Respondent, Curtis Wade and Carrie Wade appeared at the March 9 hearing. Respondent was admonished by the court, and the public defender was appointed to represent him.

An amended petition was filed on March 10, 1989. The petition was essentially identical to the original petition, but named Eugene Marth as respondent's father and Carrie Wade as his mother and stated that a pretrial conference was set for April 6, 1989. Respondent and Carrie Wade were again served with summons and notice of the hearing date. In addition, Eugene Marth was served with summons which stated that, on April 6, 1989, at 9 a.m, there would be a pretrial conference "on the attached Amended Petition."

On April 6, 1989, respondent, his appointed counsel, and his mother appeared. His father was not present. Respondent's counsel asked that the cause be set for an adjudicatory hearing, and a hearing was set for April 18, 1989. No notice of this hearing was given to Eugene Marth.

Respondent, his counsel, and his mother appeared at the adjudicatory hearing. At the hearing, various witnesses testified regarding the theft of a scooter and a bicycle. After hearing the evidence, the trial

court found respondent guilty of the offense of theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)) and entered an order finding that he was a delinquent minor. A wardship and dispositional hearing was set for May 25, 1989. Eugene Marth was served with summons advising him of the date of the wardship and dispositional hearing. On May 25, the hearing was continued to July 6, 1989. Written notice of this hearing was mailed to Eugene Marth.

Eugene Marth did not appear at the July 6, 1989, hearing. At that hearing, respondent was made a ward of the court and was placed on probation for two years. He was also ordered to send an apology to the victim of the theft, and his mother was ordered to pay restitution in the amount of $80. A review hearing regarding restitution status was set for October 12, 1989. Respondent filed a timely notice of appeal.

Respondent argues on appeal that, as respondent's father was not given notice of the adjudicatory hearing, the trial court lacked jurisdiction to conduct the delinquency hearing and all subsequent proceedings were rendered void. We cannot agree.

■ The basic requirements of due process and fairness must be satisfied in juvenile court proceedings. (*In re Application of Gault* (1967), 387 U.S. 1, 30-31, 18 L. Ed. 2d 527, 548, 87 S. Ct. 1428, 1445.) In a juvenile proceeding, due process requires adequate notice to a minor and his parents. *Gault*, 387 U.S. at 33, 18 L. Ed. 2d at 549, 87 S. Ct. at 1446-47; *In re J.P.J.* (1985), 109 Ill. 2d 129, 135; *In re J.K. III* (1989), 191 Ill. App. 3d 415, 417.

The Act requires that petitions set forth the names and the addresses of the minor, the parents, and the legal guardian or the person or persons having custody and control of the minor. (Ill. Rev. Stat. 1989, ch. 37, par. 805—13(2); *J.K.*, 191 Ill. App. 3d at 416.) Section 5—15 of the Act provides that, when a petition is filed, the clerk of the court shall issue a summons with a copy of the petition attached and that the "summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition." (Ill. Rev. Stat. 1989, ch. 37, par. 805—15(1).) The summons "shall require each respondent to appear and answer the petition on the date set for the adjudicatory hearing." (Ill. Rev. Stat. 1989, ch. 37, par. 805—15(3).) Through the notice provisions of the Act, the legislature has therefore determined that parents are necessary respondents who must be named and served with notice in order for the trial court to conduct an adjudicatory hearing. *People v. R.S.* (1984), 104 Ill. 2d 1, 6; *In re T.A.* (1989), 181 Ill. App. 3d 1034, 1038.

Respondent contends that his father did not receive notice of the adjudicatory hearing as required by the statute and this lack of notice rendered the proceedings below void. He relies on *People v. R.S.* (1984), 104 Ill. 2d 1, *In re J.K. III* (1989), 191 Ill. App. 3d 415, and *In re D.L.W.* (1989), 187 Ill. App. 3d 566. These cases are inapposite, however.

In *R.S.*, no notice of any of the proceedings was served on the minor's mother, even though she was named a respondent and her address was listed in the petition for adjudication. She did not appear at any of the proceedings. (*R.S.*, 104 Ill. 2d at 3.) In *J.K.*, the minor's mother also did not appear at any of the proceedings, and the record showed that, although her address was known, she was not served or otherwise notified of the petition for adjudication. (*J.K.*, 191 Ill. App. 3d at 416.) Both courts therefore held that the failure to serve a named parent, whose address was contained in the petition, violated the right of the parent and the child to due process so that the trial court's jurisdiction was not properly invoked and the court's orders were void. (*R.S.*, 104 Ill. 2d at 6; *J.K.*, 191 Ill. App. 3d at 418-19; see also *In re S.L.S.* (1989), 181 Ill. App. 3d 453, 456-57; *People v. D.J.* (1988), 175 Ill. App. 3d 491, 494-95.) This is true even where the unserved parent does not have custody or a close relationship with the minor. (*S.L.S.*, 181 Ill. App. 3d at 455.) In this case, however, it is not disputed that respondent's father was served with the amended petition and was given notice of the first hearing regarding the amended petition.

Respondent's reliance on *D.L.W.* is also misplaced. In *D.L.W.*, neither of the minor's parents was given formal, written notice of a dispositional hearing. The court held that this fact required reversal of the order entered at that hearing which revoked the minor's probation and committed him to the Department of Corrections. (*D.L.W.*, 187 Ill. App. 3d at 570-72.) The jurisdiction of the court to conduct an adjudicatory hearing was not at issue. The only issue was whether reversible error occurred because of the lack of proper notice to the parents of the dispositional hearing. (*D.L.W.*, 187 Ill. App. 3d at 571-72; see also *In re J.I.D.* (1988), 177 Ill. App. 3d 733, 736-37.) In this case, respondent's father was served with notice of the dispositional hearing.

The State, citing *In re J.P.J.* (1985), 109 Ill. 2d 129, argues that the issue raised by respondent has been waived because it was not raised prior to appeal. The facts of *J.P.J.*, however, are also inapposite to the facts of this case. In *J.P.J.*, the supreme court held that the State's diligence in identifying or locating a parent whose identity

or address was not known to the State at the start of the proceedings may not be attacked on appeal if the question was not raised in the trial court. (*J.P.J.*, 109 Ill. 2d at 139-40; see also *In re T.A.* (1989), 181 Ill. App. 3d 1034, 1038; *In re L.C.C.* (1988), 167 Ill. App. 3d 670, 672.) Waiver was therefore applied under circumstances where the petition set forth that the whereabouts of the parent were unknown. That is not the situation here because the address of respondent's father was known and was listed on the amended petition. While it has no effect on this case, we note that the Act was amended, effective July 1, 1990, to provide that a party who was properly served or who appeared at the adjudicatory hearing or an earlier proceeding cannot claim that an order or judgment is void because of the failure to serve a necessary party unless that claim is raised before the start of the adjudicatory hearing. Ill. Rev. Stat. 1989, ch. 37, par. 801—14 (now Ill. Rev. Stat., 1990 Supp., ch. 37, par. 801—15 (see Pub. Act 86—1475, eff. Jan. 10, 1991)).

The narrow issue presented in this case was not addressed in any of the cases cited by the parties. The issue is whether the failure to serve respondent's father with notice of the adjudicatory hearing deprived the court of jurisdiction where the father was served with the underlying petition, notice of the first hearing on the petition, and notice of the dispositional hearing. A very similar issue, however, was addressed by the court in *In re G.L.* (1985), 133 Ill. App. 3d 1048, a case cited by neither party. In *G.L.*, the minor's noncustodial father was served with notice that the juvenile petition, which alleged that the minor was delinquent, would be heard on September 4, 1984. He did not appear at that hearing. The adjudicatory hearing was continued to September 10, 1984. The father was not given notice of the hearing and did not appear. Prior to the September 10 hearing, the State filed a supplemental juvenile petition alleging two additional counts based on the same events underlying the allegations in the earlier petitions. (*G.L.*, 133 Ill. App. 3d at 1049.) At the September 10 hearing, the court found the minor guilty of three counts of the petition. A dispositional hearing was later held. The father was not given notice of the dispositional hearing and did not appear. *G.L.*, 133 Ill. App. 3d at 1049-50.

On appeal, the minor in *G.L.* similarly argued that the court lacked jurisdiction for the adjudicatory and dispositional proceedings because the father was not given notice of the September 4 continuance, the filing of the September 10 supplemental petition and the dispositional proceedings. The court, in interpreting section 4—4(4) of

the Juvenile Court Act (now section 5—16(4) of the Act (Ill. Rev. Stat. 1989, ch. 37, par. 805—16(4))), held that the section:

> "[I]ntends that respondents be notified of the first date of proceedings on the petition. Due process requires that parties who may wish to participate in proceedings involving their rights be informed as to when the proceedings will begin. To that end, the section requires additional notice to the respondents when the hearing date specified in the original notice has been changed and no hearing on the petition will occur on the formerly noticed date. Continuances following the first hearing do not constitute 'resetting of the date' for hearing. Further, upon occurrence of the first, noticed hearing, all participating parties will have actual notice of continuances ordered. We find no due process violation in failure to notify a defaulting party of continuances after initial hearing on a petition." (*G.L.*, 133 Ill. App. 3d at 1051.)

The court then held that the trial court had jurisdiction on September 4, 1984, when the original petition was presented as noticed and concluded that due process did not require notice of the continuance to the nonappearing father. (*G.L.*, 133 Ill. App. 3d at 1051.) The *G.L.* court also rejected the minor's argument that the court lacked jurisdiction because the father was given no notice of the supplemental petition and was not given notice of the dispositional hearing. *G.L.*, 133 Ill. App. 3d at 1052-53.

We conclude that the reasoning in *G.L.* is sound and can be applied to this case. Respondent's father was given notice of the first hearing on the amended petition. He was therefore given notice, in accordance with due process, of when the proceedings on the amended petition would begin. A hearing was held on that date. Based on the reasoning in *G.L.*, due process did not require notice of subsequent proceedings when he failed to appear at the proceeding for which notice was given. See *G.L.*, 133 Ill. App. 3d at 1051.

We recognize that respondent's father in this case was served with notice of a "pretrial conference" rather than notice of an adjudicatory hearing. Respondent has argued that actual notice of the adjudicatory hearing itself is the goal of section 5—15(3) of the Act as it states that summons "shall require each respondent to appear and answer the petition on the date set for the adjudicatory hearing." (Ill. Rev. Stat. 1989, ch. 37, par. 805—15(3).) While that may be true, we hold that notice of the actual date the adjudicatory hearing is to be held is not necessarily jurisdictional. We agree with the court in *G.L.* that the trial court obtained jurisdiction of the parties and the subject

matter after the original notice of the filing of the delinquency petition was properly served. (*G.L.*, 133 Ill. App. 3d at 1051; see also *In re J.I.D.* (1988), 177 Ill. App. 3d 733, 736.) It is not disputed that respondent's father was served with the amended petition and notice of the first proceeding on the amended petition. The juvenile court therefore had continuing jurisdiction over respondent to enter its orders relating to the petition. See *G.L.*, 133 Ill. App. 3d at 1052; see also *In re J.M.* (1988), 170 Ill. App. 3d 552, 568 (overruled on other grounds in *People v. R.G.* (1989), 131 Ill. 2d 328, 341-42).

For the foregoing reasons, the judgment of the circuit court of Ogle County is affirmed.

Affirmed.

GEIGER and INGLIS, JJ., concur.