*In re* E.D. Mc., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. E.D. Mc., Respondent-Appellant).

Second District No. 2—90—0533

Opinion filed October 30, 1991.

G. Joseph Weller and David W. Devinger, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Respondent, E.D. Mc., appeals from the orders of the circuit court of Ogle County adjudicating him a delinquent minor, making him a ward of the court and committing him to the Department of Children and Family Services. Respondent contends that the State's failure to properly notify his father of the juvenile proceedings deprived the trial court of jurisdiction and that the orders of the court are void. For the reasons that follow, we agree that jurisdiction was lacking and, therefore, reverse the orders of the trial court.

On December 12, 1989, the State filed a supplemental petition for an adjudication of delinquency and wardship pursuant to section 5—3 of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1989, ch. 37, par. 805—3). The petition alleged that, on or about November 1, 1989, respondent committed the offense of unlawful trespass to a vehicle (Ill. Rev. Stat. 1989, ch. 95½, par. 4—102(a)(2)) and stated that an arraignment would be held on December 28, 1989. Named in the petition were the minor's natural parents, Eugene Marth and Carrie Wade. Also indicated were the known addresses of both parents. Summons was served on respondent and Carrie Wade. A summons sent to Eugene Marth was returned unserved. Respondent and Carrie Wade were present in court at the December 28, 1989, arraignment. Eugene Marth was not present. The matter was continued, and a pretrial conference was set for January 18, 1990.

Notice to Eugene Marth of the January 18, 1990, hearing was thereafter published in the Republican-Reporter, a weekly public newspaper. The notice was also mailed to Marth at his last known address. Marth was not present at the January 18 hearing, and the matter was continued to February 8, 1990. Notice of the February 8 hearing was also published in the Republican-Reporter, and a copy was mailed to Marth at his last known address. Marth was not present at the February 8 hearing, and the cause was set for an adjudicatory hearing on March 12, 1990. No notice of this hearing, or any subsequent hearing, was given to Eugene Marth.

On March 12, 1990, respondent, his mother, and his appointed counsel were present at the adjudicatory hearing. Eugene Marth was not present. After hearing testimony from various witnesses, the trial court found respondent guilty of trespass to a vehicle (Ill. Rev. Stat.

1989, ch. 95½, par. 4—102(a)(2)) and entered an order finding that he was a delinquent minor. A wardship and dispositional hearing was set for April 24, 1990. Eugene Marth was not served with notice of this hearing. Respondent and his mother were present at the April 24, 1990, hearing. Eugene Marth was not present. At that hearing, respondent was made a ward of the court and committed to the Department of Children and Family Services.

On appeal, respondent argues that the State's failure to properly notify his father of the juvenile proceedings deprived the trial court of jurisdiction and that the orders of the court are therefore void. Specifically, respondent argues that, due to the various continuances, the State should have attempted additional notice. The State argues that the issue of failure to give notice of the adjudicatory hearing is waived because it was not raised in the trial court.

■ The principles governing notice to a minor's parents of juvenile proceedings are well established and have been stated by our supreme court as follows:

> "In a juvenile proceeding adequate notice to the minor and his parents is a requirement of due process. [Citation.] The notice provisions of the Juvenile Court Act [citation] provide several methods for fulfilling that requirement. Summons and a copy of the petition are to be directed to each of the respondents named in the petition. [Citations.] Service is to be made personally or by leaving a copy at the person's abode and mailing a copy of the summons to that address. [Citation.] If personal or abode service is not made within a reasonable time or if the respondent lives outside the State, service may be made by certified mail. [Citation.] Finally, service may be made by publication if personal or abode service is not made within a reasonable time, if the person has been made a respondent under the general designation 'All whom it may concern,' or if the respondent's whereabouts are not known." *In re J.P.J.* (1985), 109 Ill. 2d 129, 135.

We note at this point that this is the second time the parties have been before this court, and much of the pertinent information relating to family background is set forth in our previous opinion (*In re E.D. Mc.* (1991), 216 Ill. App. 3d 896) (*E.D. Mc. I*). It is important now to consider in some detail our discussion of the issues in *E.D. Mc. I*. In that case, the petition for adjudication of delinquency and wardship charged respondent with theft. Although Eugene Marth was not served with notice of the adjudicatory hearing, he was in fact properly served with the underlying petition, notice of the first hearing on

the petition, and notice of the dispositional hearing. Respondent in *E.D. Mc. I* alleged, as he does here, that lack of notice to his father of the adjudicatory hearing rendered the proceedings void. The State argued, as it does here, that the issue was waived by failure to raise it prior to appeal.

 In resolving these issues, this court first noted that questions regarding the State's diligence in identifying or locating a parent, whose identity or address was not known to the State, could be waived if not raised in the trial court. (*E.D. Mc.*, 216 Ill. App. 3d at 900, citing *In re J.P.J.*, 109 Ill. 2d at 139-40.) However, since the address of respondent's father was known and was listed on the amended petition, we held that waiver of the issue was not applicable. (*E.D. Mc.*, 216 Ill. App. 3d at 900.) These facts remain the same in the instant case, and we again conclude, therefore, that waiver is not applicable. While it has no effect on this case, we note, as we did in *E.D. Mc. I*, that the Act was amended effective July 1, 1990, to provide that a party who was properly served or who appeared at the adjudicatory hearing or an earlier proceeding cannot claim that an order or judgment is void because of the failure to serve a necessary party unless that claim is raised before the start of the adjudicatory hearing. Ill. Rev. Stat. 1989, ch. 37, par. 801—14 (now Ill. Rev. Stat., 1990 Supp., ch. 37, par. 801—15 (see Pub. Act 86—1475, eff. Jan. 10, 1991)).

In rejecting respondent's contention, however, we stated that his father was given proper notice of the first hearing on the amended petition. We therefore held that due process did not require notice of subsequent proceedings where the father failed to appear at the properly noticed proceeding. (*E.D. Mc.*, 216 Ill. App. 3d at 901, citing *In re G.L.* (1985), 133 Ill. App. 3d 1048, 1051.) Rather, we found that the trial court obtained jurisdiction after the original notice of the petition was properly served and that the trial court had continuing jurisdiction to enter orders relating to the petition. *E.D. Mc.*, 216 Ill. App. 3d at 902.

Were we to consider only the argument raised by respondent, that is, that the State failed to notify respondent's father of continuances after the initial hearing on the petition, we would conclude that, based on *E.D. Mc. I* and *G.L.*, the trial court was not deprived of jurisdiction. However, our review of the record reveals other possible notice defects not addressed by the parties. As these defects also may affect the jurisdiction of the trial court, we proceed *sua sponte* to consider them now.

As stated, the Juvenile Court Act provides several methods for fulfilling the notice requirement. (Ill. Rev. Stat. 1989, ch. 37, pars. 805—15, 805—16.) However, it has been previously stated that, if personal or abode service or service by certified mail is possible, the statute requires it. (*In re J.P.J.*, 109 Ill. 2d at 136; *In re J.K.* (1989), 191 Ill. App. 3d 415, 417.) In the instant case, the State apparently only attempted personal service upon respondent's father once. The summons was returned unserved. Thereafter, the State attempted to notify respondent's father of the proceedings by publication notice. The record is bare, however, of any indication that the State attempted service by certified mail as required under the Act. *J.P.J.*, 109 Ill. 2d 129; *J.K.*, 191 Ill. App. 3d at 417.

The record is clear that the State failed to obtain personal or abode service or service by certified mail. In addition, we believe the State also failed to obtain proper service by publication. According to section 5—16(2) of the Act, the clerk of the court is to cause publication to be made "as soon as possible." (Ill. Rev. Stat. 1989, ch. 37, par. 805—16(2).) According to section 5—16(3) of the Act, the clerk is also required at the time of the publication to send a copy of the notice by mail to each of the respondents. (Ill. Rev. Stat. 1989, ch. 37, par. 805—16(3).) Finally, the court may not proceed with the adjudicatory hearing until 10 days after service by publication on any custodial parent, guardian, or legal custodian. (Ill. Rev. Stat. 1989, ch. 37, par. 805—16(3).) Here, the publisher's certification of the notice by publication indicates that the notice for the January 18, 1990, hearing was published on January 18. The certificate of mailing by the clerk of the court also indicates a mailing date of January 18. The certificate of publication for the February 8, 1990, hearing indicates that the notice was published on February 8. The certificate of mailing by the clerk of the court indicates a mailing date of February 9. In both instances notification by publication was not attempted until the actual date of the hearing, in contradiction of the requirements of the Act.

Thus, although the attempted notice by publication occurred more than 10 days prior to the actual date of adjudication, March 12, 1990, such notice was not properly made prior to the first scheduled hearing dates on January 18 or February 8, 1990. The situation here is therefore different from that in *E.D. Mc. I*, where we held that the court obtained jurisdiction over the parties and the subject matter after the original *proper* notice of the filing of the delinquency petition. (*E.D. Mc.*, 216 Ill. App. 3d at 902; see also *G.L.*, 133 Ill. App. 3d at 1051.) Since, due to improper notice, the trial court did not have juris-

diction on January 18 or February 8, it did not thereafter acquire jurisdiction for the March 12 adjudicatory hearing by the mere lapse of time.

To summarize, the State initially failed to personally serve the respondent's father. Thereafter, the State failed to attempt service by certified mail and also failed to properly obtain service by publication notice. Since the State failed to notify a known parent at a known address, we reverse the circuit court's orders for lack of jurisdiction. *People v. R.S.* (1984), 104 Ill. 2d 1, 6; *J.K.*, 191 Ill. App. 3d at 418-19.

Accordingly, the judgment of the circuit court of Ogle County is reversed.

Reversed.

McLAREN and INGLIS, JJ., concur.